## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| PATRICK HALEY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DELTA AIRLINES, INC.,<br><br>Defendant. | Civil Action No. __<br><br>**COMPLAINT - CLASS ACTION**<br><br>**JURY TRIAL DEMANDED**<br><br>**EXEMPT FROM FILING FEES UNDER 38 U.S.C. § 4323(h)(1)** |

Plaintiff Patrick Haley, on behalf of himself and other similarly situated

individuals, by and through his attorneys, alleges as follows:

### INTRODUCTION

1.     This is a class action under the Uniformed Services Employment and

Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 *et seq.*, on behalf of

current and former employees of Delta Airlines, Inc. ("Delta") who took short-

term military leave (*i.e.*, leave of 30 days or less) from their employment with

Delta that was not paid.

2.     Since at least April 30, 2007, Defendant Delta has had a policy and

practice of providing paid leave to employees when they take certain short-term

leaves of absence from their employment with Delta, but not providing employees paid leave when they take short-term military leave (*i.e.*, military leave that lasts 30 consecutive days or fewer).  For example, Delta has provided fully paid leave to employees when they take sick leave or bereavement leave (*i.e.*, paid leave at their normal wages or salaries), and provides at least differential pay to employees who take leave for jury duty (*i.e.*, their normal wages or salaries minus any stipend received for jury service), but has never provided any wages or salaries to employees who have taken short-term military leave of 30 days or less.

3.      USERRA requires military leave to be treated no less favorably than any other forms of comparable leave that an employer provides to its employees. By providing paid leave to employees who take jury duty leave, bereavement leave, and other comparable forms of leave, Delta was obligated by USERRA § 4316(b) to do the same for its employees who take short-term military leave.  By failing to do so, Delta violated USERRA's mandate to treat military leave no less favorably than other comparable forms of non-military leave.

4.      By continuing to pay employees during periods of jury duty, bereavement leave, and other comparable forms of short-term leave, while failing to provide paid leave for Employees during short-term military leave, Delta has

violated USERRA, 38 U.S.C. § 4316(b).

5.      This action seeks a declaration that Delta violated USERRA § 4316(b) by failing to provide paid leave to Plaintiff and members of the proposed Class during periods of short-term military leave, an order requiring Delta to pay its employees during short-term military leave in the future, so long as Delta continues to pay employees when they take other forms of comparable leave, and an order requiring Delta to provide Plaintiff and members of the Class the pay they should have earned during their periods of short-term military leave, consistent with the requirements of USERRA.

## JURISDICTION AND VENUE

6.      The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, because this action arises under USERRA, a federal law. This Court also has subject matter jurisdiction over the USERRA claim pursuant to 38 U.S.C. § 4323(b)(3), which provides the district courts of the United States with jurisdiction over any USERRA action brought against a private employer. Delta is a private employer within the meaning of 38 U.S.C. § 4303(4)(A), because it "pays salary or wages for work performed or [] has control over employment opportunities."

7.      Venue is proper in this District because Delta is headquartered in

3

this District, and is also proper pursuant to under 38 U.S.C. § 4323(c)(2) because it maintains a place of business in this District. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to the claims in this action occurred in this District.

## PARTIES

8.    Plaintiff Patrick Haley resides in Seattle, Washington. He was employed by Delta or its predecessor company, Northwest Airlines Corp. ("Northwest") from 1995 until September 2011. Haley was based at the Minneapolis-Saint Paul International Airport, where he worked for Northwest from 1995 until it was acquired by Delta in 2008. After working for Delta in Minneapolis-Saint Paul, in October 2009, Haley was transferred to the Seattle-Tacoma International Airport where he worked as a Cargo Operations Service Manager until his retirement in September 2011.

9.    Haley enlisted in the Air Force Reserve in 1991. Since that time, Haley has routinely taken short-term military leave to serve in the Air Force Reserve. Haley retired from the Air Force Reserve on October 20, 2020. Plaintiff did not receive any paid leave when he took short-term military leave from Delta.

10.    Delta Airlines Inc. is a publicly traded company headquartered in

Atlanta, Georgia.  It is the second-largest airline in the world, serving nearly 200 million travelers a year.  Delta is Northwest's successor in interest, having merged with Northwest on December 31, 2009, at which time Northwest operated as a wholly owned subsidiary of Delta until the companies fully integrated their operations in 2010.  Delta is an employer within the meaning of USERRA, as it "pays salary or wages for work performed" and "has control over employment opportunities" for Plaintiff and the proposed Class Members.  38 U.S.C. § 4303(4)(A).

## CLASS ACTION ALLEGATIONS

11.    Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following Class:

> all current and former employees who work or worked for Delta Airlines or Northwest Airlines at a location in a jurisdiction covered by USERRA (*i.e.*, the United States and its territories) from April 30, 2007 to the present who (A) took Short-Term Military Leave (*i.e.*, 30 days or less) in one or more years during their employment with Delta (or Northwest from May 31, 2007) to the present; and (B) during such period of Short-Term Military Leave did not receive the regular wages or salary that they would

5

have earned had they continued to work their ordinary work
schedules.

Excluded from the class are the Judge assigned to the case and
any of his or her relatives.

**Impracticality of Joinder**

12.     The Class is so numerous that joinder of all members is impracticable.
According to Delta's most recent annual report, Delta has approximately 72,000 U.S.
employees. Delta Air Lines, Inc., Annual Report (Form 10-K), at 7 (Feb. 12, 2021).
Upon information and belief, there are thousands of former and current Delta
employees who are members of the proposed Class.

13.     Delta maintains operations throughout all 50 of the United States,
Washington D.C., and Puerto Rico. Accordingly, the members of the Class are
geographically dispersed across the country.

**Commonality**

14.     The central question in this case, which will generate a common
answer, is whether Delta's policy or practice of failing to provide paid leave to
employees during periods of military leave, while providing paid leave for other
comparable forms of non-military leave, violates USERRA, 38 U.S.C. § 4316(b).

15.     Plaintiff's claims raise subsidiary common questions, including the

following:

(a)    whether Delta maintains a policy or practice of failing to pay its employees when they take short-term military leave;

(b)    whether Delta maintains a policy or practice of providing paid leave to employees when they take other forms of non-military leave, such as jury duty, bereavement leave, and sick leave;

(c)    whether under USERRA § 4316(b) short-term military leave is comparable to jury duty, bereavement leave, sick leave, and any other forms of non-military leave for which Delta has provided normal wages or salaries to its employees;

(d)    what relief should be awarded, including what types of injunctive and monetary relief; and

(e)    whether Delta's violations of USERRA were willful, such that it should be required to pay liquidated damages to Plaintiff and the Class Members.

16.    Because Delta adopted and applied a uniform policy or practice of not providing paid leave to employees when they take short-term military leave, these questions will produce common answers for all members of the proposed Class.

17.    As Delta acted in a uniform, systematic manner with respect to the Class, all members of the Class suffered the same type of injury based on a single policy or practice, and resolving the claims of the Class will be based on common legal and factual questions.

18.    Because Delta's policy or practice of failing to provide paid leave to Employees when they take short-term military leave, while providing paid leave to Employees when they take other comparable forms of leave, was applied uniformly to the Class, the issues relating to the relief that Class Members should receive are also common.  To the extent that the policy or practice is found to have violated USERRA, the determination of the amounts to be paid to members of the Class will be formulaic and can be readily calculated.

**Typicality**

19.    Plaintiff's claims are typical of the other members of the Class, because the claims challenge a uniform policy or practice by which Delta failed to provide paid leave to employees when they take short-term military leave, while providing paid leave to employees when they take other comparable forms of leave, and because all Class Members all were injured by the same uniform policy or practice.

**Adequacy**

20.     Plaintiff will fairly and adequately protect the interests of other members of the Class.

21.     Plaintiff does not have any conflict with any other member of the Class. Plaintiff understands his obligations as a class representative and is prepared to fulfill his duties as class representative.

22.     Delta has no unique defenses against the Plaintiff that would interfere with Plaintiff's representation of the Class.

23.     Plaintiff is represented by counsel with significant experience in prosecuting class action litigation, including class action litigation involving rights and benefits of servicemembers under USERRA.

**Rule 23(b)(3)**

24.     This action can be maintained as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure, because the questions of law and fact common to the members of the Class predominate over questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient resolution of this controversy.

25.     The common questions of law and fact concern whether Delta's policy of failing to provide paid leave to employees when they take short-term

9

military leave, while providing paid leave to Employees when they take other comparable forms of leave, violated USERRA. As the members of the Class were all employees of Delta who took short-term military leave and their compensation was affected by those violations, common questions related to Delta's liability will necessarily predominate over any individual questions. As the calculation of Class Members' wages and/or salaries during periods of military leave can be readily calculated based on their wage and/or salary rates, and relief primarily consists of a declaration and an order requiring Delta to pay the Class Members the wages or salaries they are owed consistent with USERRA, common questions as to remedies will likewise predominate over any individual issues.

26.    A class action is superior to other available methods for the fair and efficient resolution of this controversy. The common issues will be efficiently resolved in a single class proceeding rather than multiple proceedings. Class certification is a superior method of proceeding in this action, because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's obligations under USERRA and of the remedy that should be provided under USERRA.

27.    In addition, the members of the Class have a strong interest in a

unitary adjudication of the issues presented in this action. Many members of the

Class are unlikely to have sufficient damages to justify pursuing an individual

action in federal court or to obtain counsel to pursue an individual action, but all

Class Members would benefit from a class action that obtains relief for all

members of the Class.

28.     This is an appropriate forum for these claims because, among other

reasons, jurisdiction and venue are proper, and Delta is headquartered in this

District, a number of class members are likely located in this District and there

are no difficulties in managing this case as a class action.

## FACTUAL ALLEGATIONS

## Delta's Policy and Practice Regarding Military Leave

29.     When a servicemember employee of Delta takes short-term military

leave, Delta does not provide any paid leave to the employee. However, when an

employee of Delta is required to be absent from his or her employment at Delta

for a brief period of time for any one of a number of non-military reasons,

including that the employee is sick or needs to address the death of a family

member, Delta continues to pay the employee's normal wages or salary during

his or her absence. And when a Delta employee is required to perform jury

service, Delta continues to pay their normal wages or salary, less any stipend

11

received for jury service. Upon information and belief, the current practices

described in this paragraph have been Delta's policies or practices since at least

April 30, 2007.

## USERRA Required Delta to Provide the Same Rights and Benefits to Employees Who Took Military Leave as Employees Who Took Comparable Forms of Leave

30.　USERRA § 4316(b)(1) provides in relevant part that "a person who

is absent from a position of employment by reason of service in the uniformed

services shall be"

- (A) deemed to be on furlough or leave of absence while performing such service; and

- (B) entitled to such other rights and benefits not determined by seniority as are generally provided by the employer of the person to employees having similar seniority, status, and pay who are on furlough or leave of absence under a contract, agreement, policy, practice, or plan in effect at the commencement of such service or established while such person performs such service.

38 U.S.C. § 4316(b)(1).

31.　Accordingly, if an employer provides non-seniority rights and

benefits to similarly situated employees, including compensation, USERRA §

4316(b)(1) requires the employer to provide the same rights and benefits to

employees during their military leave. *See id.*; 20 C.F.R. § 1002.150(a). As the

Department of Labor's implementing regulations state, the "most significant

factor to compare" two types of leave to determine if they are a "comparable form of leave" under USERRA is "the duration of the leave." 20 C.F.R. § 1002.150(b). In addition, "other factors such as the purpose of the leave and the ability of the employee to choose when to take the leave should also be considered." *Id.*

**Delta Violated USERRA Because it Failed to Provide Paid Leave to Employees When They Took Military Leave, But Provided Paid Leave to Employees When They Took Comparable Forms of Non-Military Leave**

32.    Pursuant to Delta's policy or practice of failing to provide paid leave to employees during periods of short-term military leave, Delta failed to provide paid leave to Plaintiff and the thousands of members of the Class during each period in which they took short-term military leave since April 30, 2007.

33.    Upon information and belief, since at least April 30, 2007, Delta provided paid leave to employees while they were on leave from their employment with Delta because of jury duty, illness, or bereavement.

34.    The duration of jury leave, sick leave, or bereavement leave is comparable to the duration of military leave. Each of these types of leaves most commonly lasts several days, and usually does not last more than a couple of weeks.

35.    Jury leave, sick leave, and bereavement leave, like short-term

military leave, are ordinarily involuntary. Jury duty is required by federal, state, or local law. Bereavement leave occurs due to a death in the employee's family. Sick leave is taken because of an unforeseen illness. And military leave occurs due to a servicemember's obligation to perform military service in the Armed Forces.

36. In addition, the purpose of jury duty is the same as the purpose of military leave: to perform service for our government and to engage in public service for the benefit of our society.

37. Delta's policy or practice of failing to provide paid leave to employees when they take short-term military leave, while providing paid leave to employees when they take other comparable forms of non-military leave, violates USERRA § 4316, because Delta denies its employees a non-seniority right or benefit that it provides to similarly situated employees who are on furlough or leave of absence. 38 U.S.C. § 4316(b).

38. This policy has unlawfully denied Delta's employees the paid leave they should receive when they engage in short-term military leave.

**Plaintiff's USERRA-Protected Military Leave**

39. Since joining the Air Force Reserve in 1991, Plaintiff routinely took short-term military leave while he was employed that lasted between one and

14

three days, and in doing so engaged in military service that qualified as service in the uniformed services within the meaning of USERRA, 38 U.S.C. § 4303(13).

40.     During the time that Plaintiff took short-term military leave, Delta (and Northwest) did not pay Plaintiff the wages that he would have earned had he not taken such military leave.

## COUNT I
## VIOLATION OF USERRA, 38 U.S.C. § 4316(b)(1)

41.     Plaintiff hereby repeats and incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

42.     USERRA, 38 U.S.C. § 4316(b)(1), provides that "a person who is absent from a position of employment by reason of service in the uniformed services shall be (A) deemed to be on furlough or leave of absence while performing such service; and (B) entitled to such other rights and benefits not determined by seniority as are generally provided by the employer of the person to employees having similar seniority, status, and pay who are on furlough or leave of absence under a contract, agreement, policy, practice, or plan in effect at the commencement of such service or established while such person performs such service."

43.     The U.S. Department of Labor's regulations that implement and interpret USERRA § 4316(b)(1) provide that "[i]f the non-seniority benefits to

which employees on furlough or leave of absence are entitled vary according to the type of leave, the employee must be given the most favorable treatment accorded to any comparable form of leave when he or she performs service in the uniformed services." 20 C.F.R. § 1002.150(b). The "duration of leave" "may be the most significant factor" to determine whether two forms of leave are comparable, and other relevant factors include "the purpose of the leave and the ability of the employee to choose when to take the leave." *Id.*

44.    As described above, Delta has maintained a policy or practice of failing to provide paid leave to employees when they take short-term military leave, while providing paid leave to employees when they take other comparable forms of short-term non-military leave, such as jury duty, sick leave, or bereavement leave.

45.    As described above, these forms of leave -- jury duty, sick leave, and bereavement leave -- are comparable to military leave in terms of the duration, purpose, and/or the ability of the employee to determine whether to take the leave.

46.    By adopting and applying a uniform policy or practice of failing to provide paid leave to the Class Members when they take short-term military leave, Delta has denied the Class Members the same rights and benefits, including

16

compensation, that Delta provided to employees who took comparable forms of non-military leave, including jury duty leave, sick leave, and bereavement leave, and Delta has failed to provide Class Members the most favorable treatment accorded to employees who take comparable forms of non-military leave. By doing so, Delta violated and continues to violate USERRA § 4316(b)(1).

47.     Due to Delta's failure to comply with USERRA § 4316(b)(1), Plaintiff and other members of the Class received lower wages, salaries, and compensation than they would have received had Delta complied with USERRA and the Department of Labor's implementing regulations.

48.     Upon information and belief, Delta's violation of USERRA § 4316(b)(1) was willful. Accordingly, Delta should be required to pay liquidated damages pursuant to 38 U.S.C. § 4323(d)(1)(C).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Delta on all claims and respectfully requests that this Court award the following relief:

A.     Declare that Delta's policy or practice by which Delta failed to provide paid leave to employees during periods of short-term military leave, while providing paid leave to employees when they took other comparable forms

17

of non-military leave, violated the rights of Plaintiff and the Class Members under USERRA § 4316(b);

B.    Declare that Delta's violations of USERRA were willful under 38 U.S.C. § 4323(d)(1)(C);

C.    Declare that Delta must provide paid leave to employees during periods of short-term military leave;

D.    Require Delta to comply with USERRA § 4316(b) by providing Plaintiff and the Class Members paid leave during periods of short-term military leave;

E.    Require Delta to pay Plaintiff and the Class Members the wages, salaries, and/or compensation they should have received for periods of short-term military leave, in accordance with USERRA and the Court's declaration;

F.    Order Delta to pay all members of the Class liquidated damages pursuant to 38 U.S.C. § 4323(d)(1)(C);

G.    Award pre-judgment and post-judgment interest on any monetary relief awarded or required by order of this Court;

H.    Require Delta to pay attorneys' fees, expert witness fees, litigation expenses and costs pursuant to 38 U.S.C. § 4323(h) and/or order the payment of reasonable fees and expenses in this action to Plaintiff's Counsel based on the

common benefit and/or common fund doctrine out of any money or benefit recovered for the Class in this Action; and

I.      Grant such other and further relief as the Court deems proper, just and/or equitable.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all causes of action and issues for which trial by jury is available.

Dated:  March 16, 2021                          Respectfully submitted,

By:  /s/ Stephen Anderson
Stephen J. Anderson
Georgia Bar. No. 018325
Kenneth S. Nugent, P.C.
4227 Pleasant Hill Road
Building 11, Suite 300
Duluth GA 30096
Tel: (770) 820-0823
Fax: (770) 820-0723
Email: sanderson@attorneykennugent.com

R. Joseph Barton*
BLOCK & LEVITON LLP
1735 20th Street NW
Washington, DC 20009
Tel: (202) 734-7046
Fax: (617) 507-6020
Email: jbarton@blockleviton.com

19

Michael J. Scimone*
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, N.Y. 10017
Telephone:  (212) 245-1000
Facsimile: (646) 509-2055
Email: mscimone@outtengolden.com

Peter Romer-Friedman*
GUPTA WESSLER PLLC
1900 L Street, NW, Suite 312
Washington, DC 20036
Telephone (202) 888-1741
Email:peter@guptawessler.com

Thomas G. Jarrard*
LAW OFFICE OF THOMAS JARRARD
PLLC
1020 N. Washington St.
Spokane, WA  99201
Telephone: (425) 239-7290
Email: Tjarrard@att.net

Matthew Z. Crotty*
CROTTY & SON LAW FIRM, PLLC
905 W. Riverside Ave, Suite 409
Spokane, WA 99201
Telephone: (509) 850-7011
Email:        matt@crottyandson.com

*Attorneys for Plaintiff and the Proposed Class*

*\* Pro hac vice motion to be filed*