IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PATRICK HALEY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DELTA AIRLINES, INC.,<br><br>Defendant. | Case No. 1:21-cv-01076-TCB |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFF'S UNOPPOSED MOTION TO CONSOLIDATE**

Plaintiff Patrick Haley respectfully moves this Court to consolidate this action, *Haley v. Delta Airlines, Inc.*, 1:21-cv-01076 (*Haley*), with *Reep v. Delta Airlines, Inc.*, 1:21-cv-01005-TCB (*Reep*), and to allow the plaintiffs in both cases to file a single amended consolidated complaint. The Plaintiff in *Reep* joins this motion. Defendant does not oppose this motion on the condition—to which Plaintiffs agree—that it have 45 days from the filing of an amended consolidated complaint to answer or otherwise respond. The attached proposed order proposes a schedule for the Plaintiffs to file a consolidated complaint, for Defendant to file a responsive pleading, and a briefing schedule for a Rule 12 motion if Defendant files such a motion.

1

The legal and factual issues and the postures of both cases substantially overlap. Haley's single-count complaint challenges Delta's failure to provide paid leave to all Delta employees when they take short-term military leave as a violation of the Uniformed Services Employment and Reemployment Rights Act (USERRA), 38 U.S.C. § 4316(b). Compl. at 15-17, ECF No. 1. Reep challenges the same exact policy as a violation of USERRA § 4316(b) on behalf of the same group of Delta employees, and nothing more. Accordingly, the policy at issue and the sole legal claim are the same in both cases and the classes overlap. Moreover, both cases are at the pleading stage separated by a matter of weeks. Defendant filed a motion to dismiss in *Reep* on May 26, 2021, ECF No. 13, and Delta's response in *Haley* is due on June 18, 2021. *See Reep*, Order, ECF No. 16.

Given the common issues and procedural postures, these two overlapping cases should be consolidated. Rule 42(a)(2) vests this Court with "broad discretion" to consolidate any actions that "involve a common question of law or fact." *See In re Dearborn Marine Serv., Inc.*, 499 F.2d 263, 270 (5th Cir. 1974). In exercising that discretion, courts consider:

> [w]hether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (citation and alteration omitted). All of these factors weigh in favor of consolidation.

Given the similar factual allegations and legal issues, there is no risk of prejudice or confusion if the cases proceed together. By contrast, if they proceed separately, there is a risk of inconsistent adjudication of factual disputes regarding whether short-term military leave is comparable to other forms of non-military leave that Delta offers employees. *See White v. United Airlines, Inc.*, 987 F.3d 616, 623, 625 (7th Cir. 2021) (holding that paid leave is one of the "rights and benefits" protected by USERRA § 4316(b) and § 4303(2), and explaining that whether two forms of leave are comparable under USERRA "is primarily a question of fact").

There is also an undeniable burden on the parties and the court in litigating the cases separately. Litigating separate cases means this Court will be burdened with duplicative motions to dismiss, potentially competing motions for class certification, and summary judgment that can be easily avoided through consolidating the cases and, with it, a single set of briefing. Likewise, when the case moves into discovery, consolidation will reduce the number of depositions and eliminate duplicative document productions. These inevitable burdens, moreover, would result in an expansion of "the length of time required to conclude" the suits and thus delaying the plaintiffs' access to a remedy. *Hendrix*, 776 F.2d at 1495. In short, consolidation will further the interests of judicial economy without any

detrimental effects. Indeed, allowing the plaintiffs in *Haley* and *Reep* to file a single consolidated complaint will eliminate all of the burdens on the parties and the Court that will undoubtedly occur in the absence of consolidation.

For the foregoing reasons, Plaintiff requests that the Court grant the motion to consolidate, permit the plaintiffs in *Haley* and *Reep* to file an amended consolidated complaint within 14 days of the entry of the order consolidating the cases, provide Delta 45 days from the filing of the amended consolidated complaint to answer or otherwise respond, provide the Plaintiffs 45 days from the filing of any motion that Defendant files to file a response, and provide Defendant 14 days after the response to file a reply.[1]

Dated:      June 11, 2021                              Respectfully submitted,

/s/ Peter Romer-Friedman
Peter Romer-Friedman*
Gupta Wessler PLLC
1900 L Street NW, Suite 312
Washington, DC 20036
(202) 888-1741
*peter@guptawessler.com*

R. Joseph Barton*
Block & Leviton LLP
1735 20th Street NW
Washington, DC 20009
(202) 734-7046
*jbarton@blockleviton.com*

---

[1] The parties reserve the right to seek to sever for some or all purposes the two cases in the future should any party believe that subsequent events in the consolidated cases so warrant.

Stephen J. Anderson
Georgia Bar No. 018325
Kenneth S. Nugent, P.C.
4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096
(770) 820-0893
*sanderson@attorneykennugent.com*

Michael J. Scimone*
Outten & Golden LLP
685 Third Avenue, 25th Floor
New York, NY 10017
(212) 245-1000
*mscimone@outtengolden.com*

Thomas G. Jarrard*
Law Office of Thomas Jarrard PLLC
1020 N. Washington St.
Spokane, WA 99201
(425) 239-7290
*Tjarrard@att.net*

Matthew Z. Crotty*
Crotty & Son Law Firm, PLLC
905 W. Riverside Avenue, Suite 409
Spokane, WA 99201
(509) 850-7011
*matt@crottyandson.com*

*Attorneys for Plaintiff*

*Admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2021, I electronically filed the foregoing brief with the Clerk of The United States District Court for the Northern District of Georgia using the CM/ECF system. All participants are registered CM/ECF users and have been served by the CM/ECF system.

*/s/ Peter Romer-Friedman*
Peter Romer-Friedman

*Attorney for Plaintiff*