IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PATRICK HALEY and RANDAL
REEP, on behalf of himself and all
others similarly situated,

         Plaintiffs,

      v.

DELTA AIRLINES, INC.,

         Defendant.

Civil Action No. 1:21-cv-01076-TCB

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1.   **Description of Case:**

    **(a)**    **Describe briefly the nature of this action.**

       In this consolidated action, Plaintiffs Reep and Haley, two former employees

of Delta Air Lines, allege in a single count that Delta violated 38 U.S.C. §

4316(b)(1) of the Uniform Services Employment and Reemployment Rights

("USERRA") by failing to pay them for short-term military leave (i.e. leave

defined as 30-days or fewer)[1] since April 30, 2007 because they contend that Delta

provides paid leaves that, under USERRA, are comparable leaves to military leave

---

[1] Delta contends that 38 U.S.C. § 4316(b)(1) does not distinguish between what
Plaintiffs refer to as short-term military leave and long-term military leave.

(which the Consolidated Complaint identifies as at least jury duty, bereavement and sick leave). The Consolidated Complaint alleges this claim on behalf of a putative class under Fed. Civ. P. 23 on behalf of current and former employees of Delta (and its affiliates) who took short-term military leave during their employment between April 30, 2007 and the present.

Delta denies Plaintiffs' claims.  Delta further states that this action is not amenable to class treatment under Fed. R. Civ. P. 23.

> **(b)** **Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiffs' Summary:[2]

Plaintiffs Patrick Haley and Randal Reep are former employees of Delta. During their employment with Delta, Plaintiffs Haley and Reep served in the Air Force Reserve and the Florida Air National Guard, respectively, and were required to perform military service. When Plaintiffs took a leave of absence from their

---

[2] As the instructions of this section request that the Parties recite facts and instruct the Parties not to be argumentative, Plaintiffs do not address the legal arguments that Delta makes. The Court has already denied Delta's motion to dismiss the complaint in this case (ECF No. 42). Of the summary judgment decisions that Delta cites, most addressed the comparability of long-term military leaves to certain other paid leaves. Only *Clarkson v. Alaska Airlines, Inc.,* 2:19-CV-0005-TOR, 2021 WL 2080199, at *4 (E.D. Wash. May 24, 2021) involved short-term military leave, but the court granted summary judgment after comparing both *long-term* and short-term military leave to other forms of paid leave.  That decision is currently on appeal. *Clarkson v. Alaska Airlines, Inc*, No. 21-35473 (9th Cir.).

employment with Delta to perform short-term military obligations, Delta did not provide them with paid leave during those absences. Delta did, however, provide employees with a variety of other types of paid leave.

The Consolidated Complaint alleges that non-military leave such as jury duty, sick leave, and bereavement leave are comparable to short-term military leave under the three factors identified by the applicable Department of Labor Regulation, 20 C.F.R. § 1002.150, to determine comparability of leaves. The Consolidated Complaint alleges Delta maintained a policy or practice of failing to provide paid leave to Plaintiffs and class members when they take short-term military leave while providing paid leave to employees when they take other forms of short-term non-military leave such as jury duty, sick leave, and bereavement leave.

Defendant's Summary:

Plaintiff Haley was formerly employed by Delta as a Cargo Supervisor in Seattle until he retired from Delta in 2011.  Haley contends that he was a member of the Air Force Reserves from 1991 until his retirement from the Air Force Reserves in 2020.

Plaintiff Reep was formerly employed by Delta as a pilot based in Atlanta who was terminated by Delta for his undisputed misconduct.  Reep has been a

member of the Florida Air National Guard since 1998.

Delta incorporates its Answer by reference as containing the factual basis for its defenses.  Delta further states that Reep and Haley have filed this one Count lawsuit under a provision of the Uniform Services Employment and Reemployment Rights Act, 38 U.S.C. §§ 4301 *et seq*. ("USERRA"), specifically under 38 U.S.C. § 4316(b)(1).  USERRA sets forth various rights and obligations of employers and employees who are members of the uniformed services (including military reserves).  Among other things, USERRA addresses requirements and rights when an employee is absent from a position of employment by reason of his or her service in the uniformed services, commonly referred to as a military leave of absence or an MLOA.

Private employers like Delta are not required to pay employees for their periods of military leave.  Thus, like a vast majority of private employers, Delta does not have a paid military leave benefit for employees.  Nonetheless, Plaintiffs contend that Delta is required to create such a paid military leave benefit because they contend that Delta has paid sick leave, paid jury duty leave, and paid bereavement leave that they allege are, under USERRA, comparable leaves to military leave.  Plaintiffs file this claim for themselves and on behalf of a putative class of current and former reservist Delta employees dating back to April 2007.

Among other things, Section 4316(b)(1) of USERRA provides an employee on MLOA is "entitled to such other rights and benefits not determined by seniority as are generally provided by the employer of the person to employees having similar seniority, status, and pay who are on furlough or leave of absence under a contract, agreement, policy, practice or plan in effect at the commencement of such service or established with such person performs such service."

Interpreting Section 4316(b)(1), the U.S. Department of Labor, issued a regulation setting forth three, non-exclusive factors to be considered in determining whether leaves of absences provided by the employer are "comparable" to military leave.  20 C.F.R. § 1002.150.  The three factors specifically referenced in that regulation are (1) "the duration of the leave" (which the regulation states, "may be the most significant factor to compare"); (2) "the purpose of the leave;" and (3) "the ability of the employee to choose when to take the leave."  One federal court applying this regulation has recently held that another factor that can be considered is the frequency of the leaves being compared.

There is a relatively high percentage of commercial airline pilots who are in the military reserves.  In recent years, pilots at commercial airlines have filed several Section 4316(b)(1) lawsuits alleging that military leave is comparable to other employer leaves under that provision.  Four of those cases have been decided

on the merits and, in all four of those cases (each of them involving one or more of the counsel representing Plaintiffs in this case), the court has dismissed the claims on summary judgment. *Synoracki v. Alaska Airlines, Inc*., 2022 U.S. Dist. LEXIS 96778 (W.D. Wash. May 31, 2022); *Clarkson v. Alaska Airlines, Inc*., 2021 U.S. Dist. LEXIS 98123 (E.D. Wash. May 24, 2021); *Hoefert v. American Airlines*, 438 F. Supp. 3d 724 (N.D. Tex. 2020); *Moss v. United Airlines, Inc.,* 420 F. Supp. 3d 768, 774 (N.D. Ill 2019).

Delta submits that, as a threshold matter, its treatment of employees who are sick, on jury duty, or have a death in the family are not considered leaves of absence at Delta under Section 4316(b)(1) or 20 C.F.R. § 1002.150.  Second, Delta contends that even if those are leaves of absence at Delta, they would not be comparable to military leave under any of the aforementioned factors.  Finally, for numerous independent reasons, Delta contends that the putative class cannot be certified under Fed. R. Civ. P. 23.

**(c)    The legal issues to be tried are as follows:**

Plaintiffs' Statement:

The legal issues to be tried include:

(1)    whether Delta maintains a policy or practice of failing to pay its
employees when they take short-term military leave;

(2)     whether Delta maintains a policy or practice of providing paid leave to employees when they take jury duty leave, bereavement leave, sick leave, and other forms of short-term non-military leave;

(3)     whether jury duty leave, bereavement leave, sick leave, and other forms of short-term non-military leave are comparable to short-term military leave;

(4)     whether Delta's failure to provide paid leave to employees when they take short-term military leave when Delta provided paid leave during other comparable short-term leaves violated USERRA § 4316(b)(1);

(5)     what relief should be awarded for violations of USERRA § 4316(b)(1) under USERRA;

(6)     whether Delta's violations of USERRA were willful such that it should be required to pay liquidated damages to Plaintiffs and the Class.

<u>Defendant's Statement:</u>

1.     Whether the putative class can be certified under Fed. R. Civ. P. 23.

2.     Whether Delta was required by 38 U.S.C. § 4316(b) to provide paid military leave to Plaintiffs.

3.     To the extent that Delta violated 38 U.S.C. §4316(b) with respect to

any Plaintiff, whether such Plaintiff has suffered any damages as a result of any such alleged violation and, if so, in what amount.

The Parties agreed-upon legal issues to be tried:

1. Whether Plaintiffs' claims are barred by any or all of Delta's affirmative defenses.

**(d)     The cases listed below (include both style and action number) are:**

**(1)     Pending Related Cases:**

None.

**(2)     Previously Adjudicated Related Cases:**

None.

**2.     This case is complex because it possesses one or more of the features listed below (please check):**

|  |  |  |
|---|---|---|
| _____ | (1) | Unusually large number of parties |
| _____ | (2) | Unusually large number of claims or defenses |
| _____ | (3) | Factual issues are exceptionally complex |
| _____ | (4) | Greater than normal volume of evidence |
| __X__ | (5) | Extended discovery period is needed |
| _____ | (6) | Problems locating or preserving evidence |
| _____ | (7) | Pending parallel investigations or action by government |
| _____ | (8) | Multiple use of experts |
| _____ | (9) | Need for discovery outside United States boundaries |
| _____ | (10) | Existence of highly technical issues and proof |
| _____ | (11) | Unusually complex discovery of electronically stored information |

Plaintiffs also believe that additional reasons support the extended period (including No. 4 and No. 8).  Based on their prior experience litigating similar claims, Plaintiffs anticipate designating at least two

experts and Plaintiffs expect that a subpoena for military records to the Department of Defense may be necessary and that subpoena cannot be issued until Delta has produce it records regarding the military leave records for members of the Class.

3. **Counsel:**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

Plaintiff Patrick Haley: R. Joseph Barton

Plaintiff Randal Reep: Crystal Matter

Defendant: Thomas J. Munger, Esq., Benjamin A. Stone, William N. Withrow, Esq., James A. Washburn, Esq., Lindsey B. Mann, Esq.

4. **Jurisdiction**

**Is there any question regarding this Court's jurisdiction?**

_____Yes        _X_ No

**If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.**

5. **Parties to This Action:**

**(a)    The following persons are necessary parties who have not been joined:**

None.

**(b)    The following persons are improperly joined as parties.**

None.

(c)     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None.

(d)     The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6.     <u>Amendment to the Pleadings:</u>

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a)     List separately any amendments to the pleadings that the parties anticipate will be necessary:

The Parties do not anticipate at this time any amendments to the pleadings that will be necessary.

(b)     Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7.     <u>Filing Times For Motions:</u>

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a)   *Motions to Compel*: **before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.**

(b)   *Summary Judgment Motions:* **within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.**

(c)   *Other Limited Motions:* **Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

(d)   *Motions Objecting to Expert Testimony:* <u>**Daubert**</u> **motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.**

## 8.   <u>Initial Disclosures:</u>

**The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).**

Plaintiffs and Defendant served their respective Initial Disclosures on June 10, 2022.

## 9.   <u>Request for Scheduling Conference:</u>

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

The Parties have been unable to agree to a proposed schedule and have each proposed the following schedules. As the Parties have been unable to agree to a schedule, the Parties request a scheduling conference with the Court.

Plaintiffs' proposed schedule:

| Scheduled Event | Plaintiffs' Proposed Deadline |
| --- | --- |
| Plaintiffs' Motion for Class Certification | November 16, 2022 |
| Defendant's Response to Plaintiffs' Motion for Class Certification | December 1, 2022 |
| Plaintiffs' Reply in Support of Motion for Class Certification | December 22, 2022 |
| Close of Fact Discovery | July 10, 2023 |
| Parties' Initial Expert Disclosures | August 9, 2023 |
| Rebuttal Reports by Any Parties | September 8, 2023 |
| Close of Expert Discovery | October 9, 2023 |
| Motions for Summary Judgment | November 8, 2023 |
| Responses to Motions for Summary Judgement | December 6, 2023 |
| Replies in Support of Motions for Summary Judgment | December 27, 2023 |
| Proposed Pretrial Order and *Daubert* Motions –if there are no pending motions for summary judgment after close of expert discovery | November 28, 2023 |
| Proposed Pretrial Order and *Daubert* Motions – if there are pending motions for summary judgment after close of expert discovery | 45 days after entry of the Court's rulings on all pending motions for summary judgment |

Delta's proposed schedule:

| | Event | Dates |
| --- | --- | --- |
| 1. | Fact Discovery Period (including fact | June 10, 2022-March 9, 2023 |

| | discovery regarding class certification) | (Discovery served prior to commencement of discovery period will be deemed served on June 10, 2022.) |
|---|---|---|
| 2. | Expert Discovery Period (for class certification) | April 10, 2023-July 10, 2023 (Plaintiffs to serve any Expert Report by May 10, 2023;[3] Defendant to serve any Expert Report by June 10, 2023, depositions of experts thereafter) |
| 3. | Plaintiffs' Motion for Class Certification Due | July 11, 2023 (Defendant shall have 45 days to respond; Plaintiffs shall have 30 days to file Reply Brief) |
| 4. | Expert Discovery Period (Liability and Damages) | 120-day period following District Court Ruling on Class Certification Motion and conclusion of any appeals to District Court Ruling under Fed. R. Civ. P. 23.  (Plaintiffs to serve Expert Report(s) 30 days after Period begins; Defendant to serve Expert Report(s) 60 days after Period begins; depositions to be completed thereafter) |
| 5. | Motions for Summary Judgment Due | 180 days after Class Certification Motion (Plaintiffs shall have 45 days to respond; Defendant shall have 30 days to file Reply Brief) |

---

[3] Plaintiffs do not intend to rely on an affirmative expert in support of class certification and would only intend to use an expert to rebut Defendants' expert and as such, would need a deadline to serve a rebuttal report.

10.    **<u>Discovery Period:</u>**

**The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

<u>Plaintiffs' Statement:</u>

Based on information currently available to Plaintiffs and their counsel, Plaintiffs identify the following subjects on which discovery will be needed:

1.    Discovery related to the types of leave offered by Delta to employees and the terms and conditions of each type of leave including when employees can or could choose to take leave, the duration of such leave (including data on the actual length of the leaves taken by employees), the criteria employees must satisfy in order to take such leave, and the purpose of such leave, whether such leave is or was paid or unpaid, and any requirements for, limits on, or restrictions on qualifying for taking such leave—including discovery related to Delta's policies and practices regarding those terms and conditions;

2.      Discovery as to whether and how Delta differentiates between long-term and short-term leave and what are the differences;

3.      Discovery related to negotiations of collective bargaining agreements regarding the terms on which various forms of leaves including military leave would be provided, the purpose and why certain leave was paid or unpaid;

4.      Discovery related to Delta's policies, practices, and procedures concerning military service.

5.      Discovery related to records including data for Class Members regarding their short-term military leaves and their compensation;

6.      Discovery related to records including data for employees' non-military leaves such as jury duty leave, sick leave, and bereavement leave;

7.      Discovery related to the comparability of short-term military to jury duty leave, sick leave, bereavement leave, and other forms of non-military leave, including the duration of the leave, the purpose of the leave, and the ability of the employee to choose when to take the leave;

8.      Discovery related to damages as to Plaintiffs and the Class Members, including discovery related to compensation that they would have received had they not taken short-term military leave and worked their ordinary work schedules;

9.      Discovery related to class certification issues including commonality,

typicality, and adequacy under Rule 23(a) and any portion of Rule 23(b)(1), (b)(2), or (b)(3);

10.     Discovery related to whether Delta's violations of USERRA were willful;

11.     Discovery related to the affirmative defenses asserted in Delta's Answer to the Consolidated Complaint.

<u>Defendant's Statement:</u>

1.   Documents regarding Plaintiff's military leaves.

2.   Discovery regarding the basis for Plaintiffs' claims in this case.

3.   Facts relating to any damages allegedly suffered by any of the named Plaintiffs for any alleged violation of USERRA by Delta towards them.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

The Parties agree that additional time beyond four months will be needed to complete fact and expert discovery and set forth a proposed schedule in Paragraph 9 above

<u>Plaintiffs' Additional Statement</u>

The putative class potentially comprises thousands of individuals and the records potentially involve hundreds or thousands of periods of short-term military

leave over a proposed class period of over 15 years as well as leave data for the other comparable leaves.  Based on the experience of Plaintiffs' counsel in litigating other similar cases, this case will likely require subpoenaing military records from non-parties such as the Department of Defense, and such subpoenas can only be issued once Delta produced its military leave data for the Class.  In the experience of Plaintiffs' counsel and based on the representations of Delta's counsel, it is likely that complete production of the leave data will take a least a couple of months and production from the Department of Defense will take longer. Those records will be necessary for the anticipated expert opinions in this case.

Plaintiffs will also need sufficient time to conduct discovery on issues relevant to class certification (including Delta's policies and leave data). Plaintiffs will also need sufficient time from entry of a class certification order to conduct further discovery based on the class certified by the Court to conduct analysis of the leave data as to the certified class prior to the deadline for expert disclosures.

11. __Discovery Limitation and Discovery of Electronically Stored Information:__

**(a)** **What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed**.

Based on the Rule 26(a) disclosures and discussions at the Rule 26(f)

conference, none at this time.

**(b)    Is any party seeking discovery of electronically stored information?**

_____X_____ Yes                    _____ No

If "yes,"

**(1)    The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The Parties have discussed that one of the sources of electronically stored information ("ESI") and its scope involve Delta's data reflecting employees who are on military leave, on vacation, or absent from work because they have reported that they are sick or on jury duty or other forms of leave. Delta states that it has used several systems to track or store information about employee leaves and absences over the years and the parties have been discussing and will continue to discuss the most efficient method for production of relevant data by Delta. The Parties have not agreed at this time to limit the scope of production of the data or any other ESI but will discuss such issues if necessary and address them with the Court if there is any disagreement that the parties are unable to resolve.

**(2)    The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF**

**or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

At the Rule 26(f) conference, counsel discussed and the Parties are negotiating the format for the production of ESI and the inclusion of relevant metadata for ESI. Plaintiffs have provided a proposed ESI protocol in connection with Plaintiff Haley's First Set of Requests for Production to Defendant and Delta has provided a draft ESI Protocol.  The Parties agree that relevant leave data will be produced in Excel to the extent feasible based on the size and native format of the production set and, if not feasible, the parties will discuss in good faith alternative production formats.  The Parties agree that electronic documents originating in Excel, or PowerPoint, will be produced in a native format or other format that allows for reasonable review of the production and that preserves the relevant metadata.  The parties further agree that, to the extent feasible, e-mail and other documents will be produced with TIFF images and that each document, whether it is produced in native form or with TIFF images, will be produced with a metadata load file.

The parties have discussed and expect to enter into a stipulation regarding electronic service of discovery including production of documents.

**In the absence of agreement on issues regarding discovery of**

electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12.  Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

The Parties anticipate proposing a Protective Order for the Court to enter concerning confidential materials produced in the case.

The Parties do not believe that it is necessary to enter an order under Local Rule 23.1(c) limiting either the parties or counsel in communications with putative class members.

**13.  Settlement Potential:**

(a)     Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on June 5, 2022, and that the parties agreed that settlement discussions are premature until the policies and data regarding Delta's leaves have been produced and analyzed. Other persons who participated in the settlement discussions are listed according to party.

**For Plaintiff Haley: Lead counsel (signature): /s/R. Joseph Barton**

**For Plaintiff Reep: Lead counsel (signature): /s/ Crystal Matter.**

**For Defendant: Lead counsel (signature): /s/Thomas J.Munger**

**(b)     All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

(_____) A possibility of settlement before discovery.
(___x___) A possibility of settlement after discovery.

(_____) A possibility of settlement, but a conference with the judge is needed.

(_____) No possibility of settlement.

**(c)    Counsel (___) do or (___X___) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is _____, 20__.**

**(d)    The following specific problems have created a hindrance to settlement of this case.**

The Parties are not able to engage in settlement discussions until Delta's policies and leave data have been produced and analyzed.

## 14.    Trial by Magistrate Judge:

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

(a)    The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20___.

(b)    The parties (___X___) do not consent to having this case tried before a magistrate judge of this Court.

Date: June 13, 2022                           Respectfully submitted,

/s/ R. Joseph Barton_____              /s/Thomas J. Munger (with permission)
R. Joseph Barton*                            Thomas J. Munger
BLOCK & LEVITON LLP                          Georgia Bar No. 529609
1633 Connecticut Ave., NW                    Benjamin A. Stone
Suite 200                                    Georgia Bar No. 683850
Washington D.C. 20009                        999 Peachtree Street, N.E.
Tel: (202) 734-7046                          Suite 2850
Fax: (617) 507-6020                          Atlanta, Georgia 30309

Email: jbarton@blockleviton.com

Vincent Cheng*
Block & Leviton LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
Tel: (415) 968-8999
Email: vincent@blockleviton.com

Stephen J. Anderson
Georgia Bar No. 018325
Kenneth S. Nugent, P.C.
4227 Pleasant Hill Road
Building 11, Suite 300
Duluth GA 30096
Tel: (770) 820-0893
Email:
sanderson@attorneykennugent.com

Peter Romer-Friedman*
Robert Friedman*
GUPTA WESSLER PLLC
2001 K Street NW, Suite 850 North
Washington, D.C. 20006
Tel: (202) 888-1741
Email: peter@guptawessler.com
Email: robert@guptawessler.com

Michael J. Scimone*
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, New York 10017
Tel: (212) 245-1000
Email: mscimone@outtengolden.com

Matthew Z. Crotty*
CROTTY & SON LAW FIRM, PLLC
905 W. Riverside Ave.

T: (404) 815-0934
F: (404) 815-4687
Email:
tom.munger@mungerandstone.com
Email:
ben.stone@mungerandstone.com

James A. Washburn
Georgia Bar No. 738845
William N. Withrow, Jr.
Georgia Bar No. 772350
Lindsey B. Mann
Georgia Bar No. 431819
600 Peachtree Street, N.E.
Suite 3000
Atlanta, Georgia 30308
T: (404) 885-3000
F: (404) 885-3900
Email: james.washburn@troutman.com
Email: bill.withrow@troutman.com
Email: lindsey.mann@troutman.com

*Attorneys for Defendant Delta Air
Lines, Inc.*

Suite 404
Spokane, WA 99201
Tel: (509) 850-7011
Email: matt@crottyandson.com

Thomas G. Jarrard*
LAW OFFICE OF THOMAS G.
JARRARD LLC
1020 N. Washington St.
Spokane, WA 99201
Tel: (425) 239-7290
Email: Tjarrard@att.net

*Attorneys for Plaintiff Patrick Haley*

/s/Crystal L. Matter (with permission)
Crystal L. Matter*
Matter Law, APC
101 Parkshore Drive, Suite 100
Folsom, CA 95630
Tel: 916-735-7495
Email: crystal@matterlawapc.com

Andrew Joseph Coomes
Georgia Bar No. 184999
Law Office of A. Joseph Coomes, LLC
990 Hammond Drive, Suite 840
Atlanta, GA 30328
Tel: 404-285-1745
Email: ajc@jcoomeslaw.com

*Attorneys for Plaintiff Randal Reep*

*Admitted *pro hac vice*

* * * * * * * * * * * *

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

_____

IT IS SO ORDERED, this _____ day of _____, 20__.


_____
UNITED STATES DISTRICT JUDGE

24