UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PATRICK HALEY and RANDAL
REEP, on behalf of themselves and
all others similarly situated,

　　　　　Plaintiffs,

　　　v.

DELTA AIRLINES, INC.,

　　　　　Defendant.

CIVIL ACTION NO.

1:21-CV-01076-SEG

## **O R D E R**

This case is before the Court on Plaintiff Haley's motion to compel production of certain data.  (Doc. 76.)  On January 17, 2023, the parties participated in a telephone conference with the Court, at which the motion to compel was discussed.  During the telephone conference, certain disputes contained in the motion were resolved and others were not.  This order memorializes the Court's decisions as stated at the telephone conference and addresses the remaining disputes.

### **I.　　Background**

This is a putative class action brought under the Uniformed Services Employment and Reemployment Rights Act (USERRA), 38 U.S.C. § 4316(b)(1).  Plaintiffs Patrick Haley and Randal Reep seek to represent a class of former

and current Delta employees who took short-term military leave from their employment, from April 30, 2007, to the present.  The one-count complaint alleges that Delta violated USERRA by denying Plaintiffs and putative class members the same rights and benefits Delta provided to employees for comparable forms of non-military leave.  The parties are wrapping up the first phase of bifurcated discovery, and class certification briefing is anticipated.

Presently at issue are certain categories of data sought by Plaintiff Haley in Requests Nos. 14 and 15 of his Second Set of Requests for Production of Documents.  (Doc. 76-3.)  Request No. 14 seeks several categories of data for Delta employees who have "taken military leave for a period of 14 consecutive days or fewer during the relevant time period [January 1, 2007 to the present]".  (Doc. 76-3 at 7-8.)  The data sought is as follows (with disputed categories appearing in bold):

> **1. Full name;**
> 2. uniquely identifying employee number;
> **3. Social Security number;**
> 4. current job title/position (or for former employee, last position);
> **5. whether the person is a former or current employee of DELTA (or an affiliate);**
> **6. dates of employment with DELTA;**
> **7. contact information including current or last known home address (street name and number, county, city, state and zip code), telephone numbers, and email**;
> 8. current work location;
> 9. data regarding military leave as follows:

a. start and end dates for each period of military leave;
b. how the employee is ordinarily compensated when working (e.g., hourly, daily, weekly, etc.);
c. the employee's standard or regular wage rate or rate of compensation when working;
d. whether the employee is exempt or non-exempt from receiving overtime pay;
e. whether the employee received any pay or compensation from Defendants during each period of military leave and, if so, how much and on what basis (e.g., differential pay, etc.);
**f. The number of days or hours (as applicable) of work lost or dropped by the employee due to taking military leave;**
**g. The amount of earnings the employee would have earned for work that was scheduled to be performed by the employee during the period of military leave but was not performed by the employee due to military leave.**

Request No. 15 seeks the same categories of data for Delta employees who have "taken military leave for a period of 15 consecutive days or more but not exceeding 30 days during the relevant time period [January 1, 2007 to the present]." (*Id.* at 8-10.)

## II.   Legal Standard

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as including "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).  "The Federal Rules of Civil Procedure strongly favor full discovery

whenever possible." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985); *see also Steel Erectors, Inc. v. AIM Steel Int'l, Inc.*, 312 F.R.D. 673, 676 (S.D. Ga. 2016) ("It remains true today both that claims and defenses provide discovery's outer bounds and that the court is inclined to err in favor of discovery rather than against it.") (internal quotations omitted). While district courts have broad discretion in fashioning discovery rulings, "this discretion is not absolute: courts are bound to adhere to the liberal spirit of the Federal Rules." *Akridge v. Alfa Mut. Ins. Co.*, 1 F.4th 1271, 1276 (11th Cir. 2021) (internal quotations omitted).

While Rule 26 must be construed liberally "to allow for robust discovery", discovery, like all matters of procedure, "has ultimate and necessary boundaries." See *id.* at 1277 (internal citation and quotation omitted). "[T]he traditionally liberal limits on discovery must be juxtaposed against proportionality considerations in a given case and the Court's obligation to determine, on a case-specific basis, the appropriate scope of discovery." *Lombardi v. NCL (Bahamas) Ltd.*, 15-20966-CIV, 2015 WL 12085849, at *1 (S.D. Fla. Dec. 11, 2015).

Rule 26 directs a trial court to consider the following factors in determining the scope of discovery: the importance of the issues at stake; the amount in controversy; the parties' relative access to relevant information; the

parties' resources; the importance of the discovery in resolving the issues; and whether the burden or expense of proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1); *Reichert v. Hoover Foods, Inc.*, 2017 WL 3820970 at *1 (N.D. Ga. July 25, 2017).

On a motion to compel discovery, the moving party has the burden of showing the information is relevant. *Mann v. Se. Railcar, Inc.*, No. 1:17-CV-176 (WLS), 2018 WL 11374881, at *5 (M.D. Ga. Oct. 26, 2018). "The party resisting discovery bears the burden of showing the discovery requests to be improper, unreasonable, or burdensome." *Friday v. Sallie Mae, Inc.*, 2014 WL 12860394, at *1 (N.D. Ga. Nov. 20, 2014) (citing *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985)).

## III.   Discussion

### A. Categories 1 and 7: Putative Class Members' Names and Contact Information

Haley seeks the names, home addresses, telephone numbers, and email addresses for approximately 3,000 putative class members. To state the obvious, the request seeks a significant quantity of data. It further implicates privacy concerns for thousands of employees, some of whom may not care to have their information disclosed to Plaintiffs' counsel, protective order or not.

Haley wants the information to help him marshal evidence in support of class certification.  In particular, he says he needs it to defend against Delta's anticipated argument that Haley won't be able to satisfy Rule 23(a) because (1) employees' terms and conditions of employment are governed by separate policies and bargaining agreements; and (2) employees have substantial flexibility to schedule military leave.  (Doc. 76 at 8.)  Haley intends to use the information in question for the purpose of "contacting, interviewing or surveying class members" about whether employees had flexibility in their work schedules, whether they had flexibility to schedule military leave, and whether such flexibility or inflexibility was uniform.  (*Id.* at 9.)

Delta opposes this request, arguing, among other things, that production of contact information on such an expansive scale is premature and not relevant at the pre-certification stage.  Delta further contends that it already agreed to produce data that will show the number of people who can be determined to have taken military leave and the identity of each person by employee identification number.

Plaintiffs are generally entitled to "evidence necessary to certify a class under Rule 23."  *Tillman v. Ally Fin. Inc.*, No. 2:16-cv-313-FtM-99CM, 2017 WL 73382, at *6 (M.D. Fla. Jan. 6, 2017) (permitting pre-certification discovery of the identities of a sample of putative class members).  And on the issue of

relevance, the Court must agree with Haley that disclosure of putative class members' identities and contact information may assist him in developing evidence pertinent to discussion of Rule 23(a) and (b)(3) factors. The ability to interview putative class members about Delta's implementation of certain policies may shed light on whether putative class members share similar levels of flexibility in scheduling military leave. Additionally, Haley may use information gleaned from interviews to "modify or redefine" the class definition (Doc. 86 at 12), and depending on what the evidence shows, this could prove to be a useful endeavor.

In addition to relevance under Rule 26, the Court must consider whether the scale of the discovery request is proportional to the needs of the case. It is not. Production of names, addresses, telephone numbers, and email addresses for more than 3,000 people would be burdensome and, as noted above, would affect the privacy interests of a large swath of people who may or may not become part of any certified class. More significantly, Plaintiff has not established that he requires surveys or interviews of all 3,000 employees (or anywhere near that number) to achieve his ends at this stage of the case. As such, Haley's motion regarding Categories 1 and 7 is **GRANTED IN PART**.

Delta shall produce the names and contact information (last known home address, telephone numbers, and email addresses) for twelve employees

for each calendar year since 2007. The twelve employees shall include four pilots, four flight attendants, and four ground employees who were employed during each relevant year. If a work group includes both hourly and salaried employees, the four individuals that Delta names for each year shall be comprised of two hourly employees and two salaried employees. The information disclosed shall be subject to the parties' protective order.

The parties shall confer within 10 days of the date of this order regarding the method by which the employees listed above are chosen. Any such method shall be one that facilitates the random selection of employees as much as possible, such that "cherry-picking" individuals is avoided. The parties shall further confer within 10 days regarding the application of Local Rule 23.1, and whether the parties' joint statement as to that rule should be amended in light of this order. Delta shall produce the requested data within 30 days.

### B. Categories 5 and 6: Employment Status and Dates of Employment

At the January 17, 2023, telephone conference, the parties agreed that Delta's most recent production of documents resolved the dispute regarding Categories 5 and 6. Haley's motion regarding Categories 5 and 6 is **DENIED AS MOOT**.

### C. Categories 9(f) and 9(g): Putative Class Members' Lost Hours and Lost Earnings Due to Military Leave

Haley seeks production of: "[t]he number of days or hours (as applicable) of work lost or dropped by the employee due to taking military leave" (Category 9(f)), and "[t]he amount of earnings the employee would have earned for work that was scheduled to be performed by the employee during the period of military leave but was not performed by the employee due to military leave" (Category 9(g)).  (Doc. 76-4 at 8.)  Haley argues that this information is needed to articulate a damages model relevant to Rule 23(a)'s commonality requirement and Rule 23(b)'s predominance requirement.  Delta counters that the information is not relevant at the pre-certification stage, and that producing it would involve "comb[ing] through fifteen years' worth of scheduling and payroll data systems to piece together" the data Haley requests.  (Doc. 78 at 26.)

Here, the Court agrees with Delta.  Compelling production of 15 years of the requested data for all putative class members would be extremely burdensome and not proportional to the needs of the case at the pre-certification stage.  Further, Haley has not demonstrated that such data is necessary to make the points he needs to make regarding class damages calculations.  To the contrary, district courts considering similar, USERRA

cases have certified classes on evidentiary records that lacked the vast data stores that Haley requests here.  *See, e.g.*, *Scanlan v. Am. Airlines Grp., Inc.*, 567 F. Supp.3d 521, 536 (E.D. Pa. 2021); *Huntsman v. Southwest Airlines Co.*, No. 19-cv-00083-PJH, 2021 WL 391300, at *12 (N.D. Cal. Feb. 3, 2021). Accordingly, Haley's motion with respect to Categories 9(f) and 9(g) is **DENIED**.  This order does not prevent Haley from requesting the same information during the second phase of discovery, should a class be certified.

### D. Category 3: Putative Class Members' Social Security Numbers

Haley seeks the social security numbers for all putative class members so that he may issue subpoenas to the Department of Defense ("DOD") and Department Homeland Security ("DHS") to obtain information regarding class members' military leaves.  He contends that Delta's data regarding dates of military leave may be inaccurate, and that DOD data will provide evidence of employees' military pay, which is relevant to the calculation of class-wide damages.

This request is **DENIED** for three, related reasons.  First, Plaintiff's argument as to why he needs social security numbers at this stage of the case is premised in part on the mistaken understanding that all fact discovery closed on January 10.  The Court has since entered an order clarifying that

this is not so.  Second, Plaintiff has not shown that he requires all putative class members' social security numbers to make his class certification case. While imminent production of this information is preferable to Haley, due to his concern that government agencies will take several months to process his records requests, Haley has not shown that the DOD and DHS records in question are vital to analysis of the Rule 23 criteria.  Third, the Court weighs the foregoing points against the privacy concerns associated with disclosure of 3,000 social security numbers.  At this stage in the litigation, the value of the information sought does not justify the burden and privacy concerns associated with their production.  *Stitt v. Am. Disposal Servs. of Georgia, Inc.*, No. 1:18-CV-2516-TWT, 2018 WL 6716046, at \*4 (N.D. Ga. Dec. 20, 2018) (declining to order production of last four digits of social security numbers for collective action members, where defendants raised privacy objection); *Glass v. City of Atlanta, Ga.*, No. 1:13–CV–1822–RWS, 2014 WL 9954054, at \*5 (N.D. Ga. May 6, 2014) (declining to order production of social security numbers for putative members of collective action).

Haley's motion regarding Category 3 is **DENIED** without prejudice to him making the same request later in the case, should a class be certified.

11

## IV.   Conclusion

Haley's motion to compel (Doc. 76) is **GRANTED IN PART** and
**DENIED IN PART** as set forth in this order.

   **SO ORDERED** this 20th day of January, 2023.

_____
SARAH E. GERAGHTY
United States District Judge

12