# Exhibit 11

Showing differences between versions effective March 1, 2016 to June 4, 2020 and June 5, 2020 [current]
**Key:** ~~deleted text~~ added text
**3** deletions · **2** additions

32 C.F.R. § 104.6

~~§ 104.6 Procedures.~~§§ 104.1 to 104.6 [Reserved by 85 FR 34518]

~~(a) Service Member Information and Assistance.~~

-

~~(1) The Heads of the DoD Components and the Commandant of the Coast Guard will:~~

-

~~(i) Inform the personnel in paragraph (a)(1)(i)(A) and (B) of this section of their general employment and reemployment rights, benefits, and obligations as described in USERRA.~~

-

~~(A) Civilian employees who apply for uniformed service.~~

-

~~(B) Civilian employees who are current members of the uniformed services who perform or participate on a voluntary or involuntary basis in active duty, inactive duty, or full-time National Guard duty.~~

-

~~(ii) Provide subject-matter experts to serve as points of contact (POCs) to assist applicants for and members of the uniformed service in matters related to employment and reemployment rights, benefits, and obligations.~~

-

~~(iii) Provide initial and annual refresher training for all Human Resources officials, supervisors, employees, and uniformed Service members.~~

-

~~(2) The Secretaries of the Military Departments and the Commandant of the Coast Guard will:~~

-

~~(i) Provide an annual review of USERRA information to employees of the uniformed services.~~

-

~~(ii) Upon completion of a period of active duty extending beyond 30 days, and before separation from active duty, advise Active and Reserve Component Service members covered by USERRA of their employment and reemployment rights, benefits, and obligations as provided under USERRA.~~

-

~~(iii) Advise members of the uniformed services that as employees they must fulfill certain obligations in order to achieve eligibility for reemployment rights as specified in USERRA. At a minimum, advice given will include the following USERRA notification and reporting requirements for returning to civilian employment:~~

-

 © 2023 Thomson Reuters. No claim to original U.S. Government Works. 

~~(A) Advance Notification of Military Service. To be eligible for reemployment rights as specified in USERRA, employees must provide advance notice of absence due to uniformed service to their civilian employers except when giving such notice is prevented by military necessity, or otherwise impossible or unreasonable under all the circumstances.~~

-

~~(1) DoD recommends persons applying for and/or performing uniformed service to provide advance notice in writing to their civilian employers of pending absence.~~

-

~~(2) Although oral notice is allowed pursuant to USERRA, written notice of pending uniformed service provides documentary evidence that this basic prerequisite to retaining reemployment rights was fulfilled by the Service member and serves to avoid unnecessary disputes.~~

-

~~(3) Regardless of the means of providing advance notice, whether oral or written, it should be provided as early as possible. The DoD recommends that advance notice to civilian employers be provided at least 30 days prior to departure for uniformed service when feasible, based upon the time the Service member receives confirmation of upcoming uniformed service duty. While the notice may be informal and does not need to follow any particular format, some acceptable methods of providing notice include:~~

-

~~(i) Giving notice on behalf of the employee by an appropriate officer in the uniformed Service member's chain of command. Written notice is preferred.~~

-

~~(ii) Providing the employer a copy of the unit's annual training schedule for the duty served on those dates, or by providing the employer in advance with a signed standardized letter with blanks in which the Service member has filled in the appropriate military duty dates.~~

-

~~(iii) Providing advance notification letters. Sample letters are provided by the ESGR, DoD's primary office for all matters concerning employer support of the National Guard and Reserve. ESGR information is provided in § 104.6(c) of this part.~~

-

~~(B) Reemployment Reporting Requirements. As described in USERRA, when notifying employers of their intent to return to work after completing uniformed service, employees must meet specific time-lines. Depending on the length of service, these time-lines span from less than 24 hours up to 90 days after completing uniformed service.~~

-

~~(1) Sample return notification letters are provided by ESGR.~~

-

~~(2) When the period of service exceeds 30 days from civilian employment, the Service member is required to provide documentation of service performed if requested by the employer.~~

-

~~(i) As a matter of policy the Military Departments strongly recommend Commanders and Service members provide verification of uniformed service absence to civilian employers regardless of the duration of service upon request. Failure of an employee to comply with this recommendation, does not, affect the legal responsibilities of the employer under USERRA including prompt reemployment.~~

-

WESTLAW © 2023 Thomson Reuters. No claim to original U.S. Government Works. 

~~(ii) Types of documentation satisfying this requirement are detailed in 20 CFR part 1002.~~

~~(C) Five-Year Service Limit. USERRA imposes a five-year cumulative limit on the absences from each place of civilian employment, due to uniformed service, except that any such period of service shall not include any service excluded pursuant to 38 U.S.C. 4312(c).~~

~~(D) Character of Service. Service members must not have been separated from service under a disqualifying discharge.~~

~~(iv) Determine and certify in writing, periods of service exempt from USERRA's five-year cumulative limit. Established exempt periods must be reviewed and recertified via policy memorandum, at a minimum, every two years. Failure to comply with this administrative requirement does not affect the continued validity of exempt periods certified in a writing that is more than two years old.~~

~~(A) Determine and certify in writing those additional training requirements not already exempt from USERRA five-year cumulative service limit, that are necessary for the professional development or skill training or retraining for members of the National Guard or Reserve. When the Secretary concerned certifies those training requirements, performance of uniformed service to complete a certified training requirement is exempt from USERRA five-year cumulative service limit.~~

~~(B) Determine and certify in writing those periods of active duty when a Service member is ordered to, or retained on, active duty (other than for training) under any provision of law because of a war or national emergency officially declared by the President or Congress. Such orders with the purpose of direct or indirect support of the war or national emergency will be annotated accordingly since these periods of service are exempt from USERRA five-year cumulative service limit.~~

~~(C) Determine, and certify in writing, those periods of active duty performed by a member of the National Guard or Reserve that are designated by the Secretary concerned as a critical mission or critical requirement, and for that reason are exempt from USERRA five-year cumulative service limit.~~

~~(1) The authority for determining what constitutes a critical mission or requirement will not be delegated below the Assistant Secretary level. The designation of a critical requirement to gain the necessary experience to qualify for specific key senior leadership positions will be used judiciously, and the necessary experience and projected key leadership positions fully documented in the determination and certification.~~

~~(2) This authority must not be used to grant exemptions to avoid USERRA five-year cumulative service limit or to extend individuals in repeated statutory tours.~~

~~(v) Issue orders that span the entire period of service when ordering a member of the National Guard or Reserve to active duty for a mission or requirement, and reflect USERRA five-year cumulative exemption status as appropriate.~~

~~(A) Order modifications will be initiated, as required, to ensure continuous active duty should the period required to complete the mission or requirement change. Order modifications will be completed, as required, to reflect qualifying five-year exemption, as applicable; or an official Statement of Service must be generated, indicating~~

 © 2023 Thomson Reuters. No claim to original U.S. Government Works. 

~~original qualifying orders as exempt under proper authority, and retained in the Service member's personnel file.~~

~~(B) Orders must indicate exemption under USERRA from the five-year cumulative service limit on uniformed service absence from employment, when applicable. Specify the statutory or Secretarial authority for those orders when such authority meets one or more of the exemptions from USERRA five-year cumulative service limit. Orders qualifying for exemption should include a status reflecting the exemption status and authority.~~

~~(vi) Document the length of a Service member's initial period of military service obligation performed on active duty.~~

~~(vii) Document those circumstances that prevent a Service member from providing advance notification of uniformed service to a civilian employer because of military necessity or when advance notification is otherwise impossible or unreasonable.~~

~~(viii) Designate those officers who are authorized by the Secretary concerned to provide advance notification of service to a civilian employer on behalf of a Service member or applicant for uniformed service.~~

~~(ix) Provide documentation, upon request from a Service member or former Service member that may be used to satisfy the Service member's entitlement to statutory reemployment rights and benefits. Appropriate documentation may include, as necessary:~~

~~(A) The inclusive dates of the initial period of military service obligation performed on active duty.~~

~~(B) Any period of service during which a Service member was required to serve because he or she was unable to obtain a release from active duty through no fault of the Service member.~~

~~(C) The cumulative length of all periods of active duty performed.~~

~~(D) The authority under which a Service member was ordered to active duty when such service was exempt from USERRA five-year cumulative service limit.~~

~~(E) The date the Service member was last released from active duty, active duty for special work, initial active duty for training, active duty for training, inactive duty training, annual training, or full-time National Guard duty. This documentation establishes the timeliness of reporting to, or submitting application to return to, a position of civilian employment.~~

~~(F) A statement indicating service requirements prevented providing a civilian employer with advance notification of pending service, when applicable.~~

~~(G) Proof that the Service member's entitlement to reemployment benefits has not been terminated because of the character of service as provided in section 4304 of USERRA.~~

 © 2023 Thomson Reuters. No claim to original U.S. Government Works. 

~~(H) A statement that sufficient documentation verifying a particular period of service, does not exist, when appropriate.~~

~~(x) Establish a central point of contact (POC) at each Reserve Component headquarters or Reserve regional command and each National Guard State headquarters who can render assistance to:~~

~~(A) Members of the National Guard or Reserve about employment and reemployment rights, benefits, and obligations.~~

~~(B) Employers of National Guard and Reserve members about duty or training requirements arising from a member's uniformed service or service obligation.~~

~~(xi) Inform Reserve Component Service members of services provided by ESGR. ESGR's subject-matter expert POCs can render assistance with issues regarding employment and reemployment rights, benefits, and obligations under USERRA. More information about ESGR is contained in paragraph (c) of this section.~~

~~(b) Employer Information and Assistance. The Military Departments will:~~

~~(1) Provide verification of absence due to uniformed service to civilian employers upon request regardless of the duration of service-related absence.~~

~~(2) Provide verification of discharge status upon employer request.~~

~~(3) Designate a Reserve Component representative who must be either a Commander or Officer in Charge with the military authority to delay, defer, cancel, or reschedule military service. The designated Reserve Component representative will consider, unless prevented by military necessity or otherwise impossible or unreasonable under all the circumstances, written requests from civilian employers of National Guard and Reserve members to adjust the Service member's absences from civilian employment. The civilian employer must submit a written justification explaining how the National Guard and Reserve member's absence imposes adverse financial or severe operating impact to the civilian employer, and advise as to when the hardship due to the Service member's absence is anticipated to end. The designated representative has discretion to delay, defer, cancel, or rescheduled military service, so long as it does not negatively affect military operations. The designated representative may make arrangements, other than adjusting the period of absence, to accommodate such requests when it serves in the best interest of the military and is reasonable to do so. Section 104.6(b)(3) does not create any right of action against the government by any party.~~

~~(c) Agencies Providing USERRA Assistance-~~

~~(1) ESGR. ESGR is a component of the DoDHRA, a DoD Field Activity under the authority, direction, and control of the USD(P&R).~~

~~(i) ESGR is the primary DoD office for all matters concerning employer support of the National Guard and Reserve, and serves as the lead proponent for USERRA matters within DoD.~~

 © 2023 Thomson Reuters. No claim to original U.S. Government Works. 

~~(ii) ESGR informs Service members and their civilian employers regarding their rights and responsibilities governed by USERRA.~~

~~(iii) ESGR does not have enforcement authority for USERRA, but serves as a free resource for Service members and employers.~~

~~(iv) ESGR's trained ombudsmen provide neutral, informal alternative dispute mediation services between Service members and employers for issues relating to compliance with USERRA. Headquarters ESGR Ombudsman Services representatives can be contacted by calling 1-800-336-4590.~~

~~(v) ESGR's Web site (available at http://www.esgr.mil) provides local and State contact information. Additionally, the Web site provides links to multiple resources for both Service members and employers.~~

~~(2) DOL-VETS.~~

~~(i) A person may file a complaint with the DOL-VETS or initiate private legal action, if alleging that an employer, including any Federal Executive Agency or the OPM, has failed or refused, or is about to fail or refuse, to comply with employment or reemployment rights and benefits under USERRA.~~

~~(ii) Using ESGR's mediation services is not a prerequisite for filing a complaint with DOL-VETS. The complaint may be filed in writing, or electronically. Instructions and the forms can be accessed at the DOL-VETS Web site (available at http://www.dol.gov/elaws/vets/userra/1010.asp).~~

~~(iii) DOL-VETS receives complaints from veterans and service members who believe their USERRA rights were violated. DOL-VETS investigates these complaints, and if the evidence supports a conclusion that a claimant's USERRA rights have been violated, will work with the employer and employee to obtain an appropriate resolution. If those efforts are unsuccessful regardless of the outcome the employee/claimant may request that his or her case be referred to DOJ or OSC for further review and consideration of representation in U.S. District Court or before the Merit Systems Protection Board (MSPB) as appropriate.~~

~~(3) DOJ.~~

~~(i) DOJ is the agency under the Attorney General that enforces USERRA matters involving State and local government employers and private-sector employers. DOJ receives USERRA cases referred by DOL-VETS.~~

~~(ii) DOJ reviews USERRA cases to determine if representation is appropriate. In cases found to have merit, the Attorney General will commence court action on behalf of the Service member, to be prosecuted by DOJ attorneys.~~

~~(4) OSC.~~

~~(i) OSC is an independent Federal agency that enforces USERRA matters involving State and local government~~

 © 2023 Thomson Reuters. No claim to original U.S. Government Works. 

employers and private-sector employers. OSC receives USERRA cases referred by DOL-VETS.

-

(ii) OSC reviews USERRA cases to determine if representation is appropriate. In cases found to have merit, OSC will initiate an action before the Merit Systems Protection Board (MSPB), also an independent, Federal agency, serving as the guardian of Federal merit systems. If OSC declines representation, the claimant may still file an appeal with the MSPB.

-

Credits

[85 FR 34518, June 5, 2020]

AUTHORITY: 38 U.S.C. chapter 43, specifically 38 U.S.C. 4312(b) and 38 U.S.C. 4333.

-

End of Document

© 2023 Thomson Reuters. No claim to original U.S. Government Works.