**UNITED STATES DISTRICT COURT FOR**
**THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| PATRICK HALEY and RANDAL REEP, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>DELTA AIR LINES, INC.,<br><br>*Defendant* | Civil Action No. 1:21-cv-01076-SEG<br><br>**Plaintiff Haley's Notice of Supplemental Authority in Support of Motion for Class Certification** |

Plaintiff Haley and proposed Class Representative Best notify the Court of a recent decision by another district court of this Circuit, *Doe v. MG Freesites, Ltd.*, No. 7:21-cv-00220-LSC, 2023 WL 8792153 (N.D. Ala. Dec. 19, 2023), attached as Exhibit A, and submit it in support of Plaintiffs' Motion for Class Certification (ECF No. 118). This decision addresses several elements of Rule 23 that Defendant contested in its brief or raised at oral argument.

First, the *Doe* court held that a class is ascertainable even though defendants' records alone would be insufficient to identify class members. *Id*. at *3-4 (citing *Cherry v. Domestic Corp.*, 986 F.3d 1296 at 1304 (11th Cir. 2021)), for proposition that ascertainability does not require administrative feasibility). The fact that "class members may be required to establish" that they met the class definition did not undermine the ascertainability of the class. *Id.* at *4. The *Doe* court also explained that because a court has the power to revise the class definition, including on its own and in the event of a flawed class definition, the preferred solution is redefinition rather than denial of class certification. *Id.*

Second, the *Doe* court held the plaintiff's claims typical of the class's claims because every class member suffered an injury from the same policies of the defendants. *Id*. at *6. Mere "factual variation" among the claims "will not render a class representative's claim atypical unless the factual position of the representative markedly differs from that of other members of the class." *Id*.

Third, the *Doe* court held common issues predominated even though one important element of the class claims—the class member's age when depicted in videos hosted on defendants' websites—would require individual documentation or self-identification. *Id.* at *11. The mere fact that a defendant's own records are inadequate to prove a specific element of claim does not undermine predominance where class members, by self-report or through a claims process, could provide the proof of the necessary element. *Id.*

Finally, the *Doe* court also certified a Rule 23(b)(2) class with respect to the plaintiff's request seeking an "injunction to change Defendants' practices and policies to effectively eliminate [child pornography] on their websites." *Id.* at 17. The *Doe* explained that "[a]t this stage, the Court is merely concerned with whether Plaintiff has established that Defendants have policies that affect everyone in the class in the same way, not whether Plaintiff's specific requested form of injunctive relief is appropriate." *Id.* at 18. The *Doe* court also rejected the argument that a Rule 23(b)(2) class could not be certified because plaintiff was also seeking damages. *Id.* at 18. The *Doe* court explained that the Supreme Court's decision in "*Wal-Mart Stores* did not address and does not bar requests, like Plaintiff's here, for certification of both a Rule (b)(2) injunctive relief class and a separate Rule (b)(3) damages class." *Id.*

Dated: January 2, 2024

Respectfully submitted,

*/s/ Colin M. Downes*
R. Joseph Barton*
Colin M. Downes*
BARTON & DOWNES LLP
1633 Connecticut Ave., NW
Suite 200
Washington D.C. 20009
Tel: (202) 734-7046
Fax: (617) 507-6020
Email: jbarton@blockleviton.com

*/s/ Stephen J. Anderson*
Stephen J. Anderson
Georgia Bar No. 018325
Kenneth S. Nugent, P.C.
4227 Pleasant Hill Road
Building 11, Suite 300
Duluth GA 30096
Tel: (770) 820-0893
Email:
sanderson@attorneykennugent.com

Peter Romer-Friedman*
PETER ROMER-FRIEDMAN LAW
PLLC
1629 K Street, NW, Suite 300
Washington, DC 20006
Tel: (202) 355-6364
Email: peter@prf-law.com

Robert Friedman*
GUPTA WESSLER PLLC
2001 K Street NW, Suite 850 North
Washington, D.C. 20006
Tel: (202) 888-1741
Email: robert@guptawessler.com

Michael J. Scimone*
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, New York 10017
Tel: (212) 245-1000
Email: mscimone@outtengolden.com

Matthew Z. Crotty*
RIVERSIDE LAW GROUP, PLLC
905 W. Riverside Ave.
Suite 404
Spokane, WA 99201
Tel: (509) 850-7011
Email: mzc@riverside-law.com

Thomas G. Jarrard*
LAW OFFICE OF THOMAS G.
JARRARD LLC
1020 N. Washington St.
Spokane, WA 99201
Tel: (425) 239-7290
Email: Tjarrard@att.net

*Attorneys for Plaintiff Patrick Haley*

**Certificate of Service**

The undersigned hereby certifies that a true and correct copy of the foregoing notice is filed with the Clerk of Court using the CM/ECF system, which will automatically serve the following counsel of record:

Thomas J. Munger
Benjamin Alexander Stone
Munger & Stone
999 Peachtree Street, NE
Suite 2850
Atlanta, GA 30309
Tel: 404-815-1884
tom.munger@mungerandstone.com
ben.stone@mungerandstone.com

Lindsey B. Mann
James A. Washburn
William N. Withrow , Jr.
Bianca N. DiBella
Troutman Pepper Hamilton Sanders LLP
600 Peachtree Street NE
Suite 3000
Atlanta, GA 30308
Tel: 404-885-3000
lindsey.mann@troutman.com
james.washburn@troutman.com
william.withrow@troutmansanders.com
bianca.dibella@troutman.com

Crystal L. Matter*
Matter Law, APC
101 Parkshore Drive, Suite 100
Folsom, CA 95630
Tel: 916-735-7495
Email: crystal@matterlawapc.com

Andrew Joseph Coomes
Georgia Bar No. 184999
Law Office of A. Joseph Coomes, LLC
990 Hammond Drive, Suite 840
Atlanta, GA 30328
Tel: 404-285-1745
Email: ajc@jcoomeslaw.com

*/s/ Colin M. Downes*
Colin M. Downes