# EXHIBIT 5

U.S. Department of Labor
Veterans' Employment and Training Service
PO Box 27625
Raleigh, North Carolina 27611
Phone: (919) 814-0250
Fax: (919) 662-3052

September 16, 2019

Benjamin A. Stone, Esq.
Munger & Stone, LLP.
999 Peachtree St., NE, Suite 2850
Atlanta, GA 30309

RE: Benjamin Best vs. Delta Air lines
GA-2019-00042-10-G

Dear Mr. Stone:

As I explained in our phone conversation on Thursday, September 12, 2019, this agency is responsible for seeking compliance with the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), codified at Title 38 U.S. Code Sections 4301 – 4335 and 20 C.F.R. §1002. Mr. Benjamin Best has requested our assistance in determining and exercising his rights under USERRA and obtaining payments into his non-contributory pension and determining his eligibility for FAA leave.

A person alleging discrimination under USERRA must establish that he or she is protected as a result of past, present or future affiliation with the uniformed services, that an adverse employment action by the employer occurred and that there was a causal relationship between the claimant's protected status and the adverse employment action. The claimant does not need to show that his or her status was the sole factor in the employment action; the person need only show that his or her status was a motivating factor in the employment action. 20 C.F.R §1002.23.

Mr. Best began his employment with Delta Air Lines (Delta) on or about February 17, 2014. Mr. Best contends between late May 2019 until July 2019, while awaiting on the FAA to offer him a required medical certificate, he discussed working for the military and receiving FAA leave with Chief Pilot Mr. Michael Perrin. He states that in the beginning of the process Mr. Perrin told him that he could not work for the military if he went on FAA leave because it was against Delta policy to be in Military Leave of Absence (MLOA) status and receive FAA Leave simultaneously.

Mr. Best provided documentation which shows that he submitted the necessary documentation for FAA Leave approval to Delta physician, Dr. Tom Faulkner on July 1, 2019. According to the documentation submitted by the Claimant, Dr. Faulkner approved the Claimant for FAA leave and the approval was sent to Delta Pilot Leaves by the office manager, Ms. Laurie Ward on July 1, 2019. Mr. Best contends that while others are allowed to have secondary employment while receiving FAA leave he is not allowed to receive this benefit because of his military status. He claims that Delta is not treating him the same as other pilots who have non-military related employment and who receive FAA leave payments simultaneously. Mr. Best also states that he was not on any leave status from June 1, 2019 to June 10, 2019.

Mr. Best also complains that Delta has yet to contribute to his non-contributory 401k. Mr. Best states that he returned from military duty on August 1, 2019. He states that he submitted

documentation required by Delta and USERRA in order to not only be reemployed but have his 401k contributions made by Delta for the time period he was on MLOA in a timely fashion. Mr. Best states that he submitted orders via Delta Pilot Leaves but he is being told that the documentation he submitted will not suffice. Mr. Best contends that the orders he submitted has an electronic signature which shows he was released from active duty, along with the dates he was on military duty and that he has been communicating this information with Delta Pilot Leaves since his return in August. He states that Delta has yet, however, to contribute any 401k payments into his account for the time he was on military leave.

Title 38 U.S.C. Section 4311 and 20 C.F.R. §1002.149 and §1002.262 of USERRA states that during a period of service in the uniformed services, the employee is deemed to be on furlough or leave of absence from the civilian employer. That the employee is entitled to the non-seniority rights and benefits generally provided by the employer to other employees with similar seniority, status and pay that are on furlough or leave of absence. USERRA also states that employers are responsible for making plan contributions that are attributable to the employee's period of service once the employee is reemployed. Mr. Best was reemployed on August 1, 2019.

During our conversation you stated that no one at Delta is able use any other type of leave with military leave and that MLOA is treated the same as other types of leave at Delta. You stated that Delta has a non-contributory 401k and that they utilize the deemed earnings rule when determining Company contributions and you are under the impression that Delta is in the process of computing those earnings to ensure they calculate the time the Claimant would have worked had he not been absent for the military.

In order to determine whether or not Mr. Best's USERRA rights were violated please provide me with your position statement and any documentation that will support your position. I am asking that Delta submit a statement with documentation that supports your decision that Mr. Best was not eligible for FAA Leave while on MLOA as well as a statement with supporting documentation that Delta is not withholding 401k payments due to documentation that may or may not be available (1002.123(7)(b)) by the Claimant and that Delta is in the process of computing those calculations and will contribute as law requires, in the time frame allowed.

This request includes, but is not limited to all documents, including e-mail, handwritten notes, memoranda or any other means of recording information from anyone discussing the rights and benefits of the Claimant. The following requested documentation/evidence is to be provided to this office **on or before Friday, September 27, 2019**:

- Written position statement that will support Delta's position that you did not violate Mr. Best's rights under USERRA by not paying him FAA leave or by withholding 401k contributions;
  - Documentation and evidence that will support your written position statement.
  - A statement clarifying what information Delta is seeking from the Claimant for 401k payments compared to what was submitted by the Claimant.
- Attendance log showing employment status for Claimant from June 1, 2019 until August 1, 2019;
- A copy of all leave requests submitted by the Claimant from June 1, 2019 until August 1, 2019;
- A copy of the Pilot Working Agreement. Specifically the portion on MLOA and FAA leave;

- A copy of the Claimant's personnel file;
- Employer handbook. Specifically all policies on leave of absence and the military;
- List of pilots who received FAA leave while on other leave of absence status; and
- A copy of military documents (orders, LES etc.) submitted by the Claimant to Pilot Leaves.

Should the evidence support Benjamin Best's allegations, Delta may be liable for paying FAA leave and making required 401k contributions. I appreciate your time and attention to this matter. Please contact me at 919-814-0250 or via e-mail at Anderson.jmetria@dol.gov if you have any questions regarding this complaint. You may e-mail your statement and supporting documentation to my attention. Should you decide to mail your statement and documentation please print your copies on one-side paper only. Thank you for your time and attention to this important matter.

Sincerely,

J'METRIA ANDERSON

Digitally signed by J'METRIA ANDERSON
Date: 2019.09.16 15:08:52 -04'00'

J'Metria Anderson
Investigator

Cc: Benjamin Best, claimant