# EXHIBIT 13

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ERIC WHITE, on behalf of himself and all others similarly situated,

Plaintiff,

v.

UNITED AIRLINES, INC., *et al.*,

Defendants.

Case No. 19-cv-114

Hon. Steven C. Seeger

**ORDER**

White's motion to certify a class (Dckt. No. 86) is hereby denied without prejudice. The bottom line is that this Court is going to hold off on issuing a definitive ruling on class certification, given percolating doubts about the underlying merits.

This case is about whether Defendants' military-leave policy violated the Uniformed Services Employment and Reemployment Rights Act. *See* Second Am. Cplt., at ¶ 1 (Dckt. No. 74).

In a nutshell, Plaintiff Eric White (a United pilot and a former military pilot) alleges that Defendants violated the Act when they treated civilian leave (*i.e.*, jury duty and sick leave) more favorably than military leave. *Id.* at ¶ 3. According to White, Defendants did not pay regular wages to employees on military leave, and Defendants did not credit military leave when calculating profit sharing awards – even though they did for comparable types of civilian leave. *Id.* at ¶¶ 3–4.

So, an issue in this case is whether military leave is comparable to forms of civilian leave. *See White v. United Airlines, Inc.*, 987 F.3d 616, 625 (7th Cir. 2021) (noting that "[d]iscovery may reveal" that "all, none, or only part of [military-leave obligations]" are "comparable to jury duty or sick leave"); *id.* (indicating that the comparability issue would be "primarily a question of fact").

Similar cases are percolating throughout the country. The parties gave this Court a list of some. *See* 10/14/22 Joint Statement, at 9 (Dckt. No. 103) (citing, among other cases, *Clarkson v. Alaska Airlines*, No. 21-35473 (9th Cir.); *Huntsman v. Southwest Airlines Co.*, No. 19-cv-83 (N.D. Cal.); and *Scanlan v. American Airlines Group*, No. 18-cv-4040 (E.D. Pa.)).

This Court looked at the status of those cases, and the Court spotted other cases, too. This Court noticed a trend. Over and over, district court judges granted summary judgment in favor of Defendants.

The opinions explain that the claims are fatally flawed, because no reasonable jury could find that military leave is comparable to jury duty or sick leave. *See, e.g.*, *Clarkson v. Alaska Airlines, Inc.*, 2021 WL 2080199, at *9 (E.D. Wash. 2021) ("Based on the foregoing, there are no genuine issues of material fact as to whether military leave is comparable to other forms of leave covered by the CBAs; they are not comparable. Therefore, Defendants are entitled to summary judgment with respect to Count IV."); *Scanlan v. American Airlines Group.*, 638 F. Supp. 3d 453, 460 (E.D. Pa. 2022) ("In assessing duration, frequency, control, and purpose, the court concludes as a matter of law that the undisputed evidence demonstrates that jury duty and bereavement leave are not comparable to military leave. Thus, American has not violated [section] 4316(b)(1) of USERRA."); *Synoracki v. Alaska Airlines, Inc.*, 2022 WL 1746777, at *7 (W.D. Wash. 2022) ("The Court finds, in the alternative, that military absences and sick absences are not comparable . . . . defendants' motion for summary judgment is GRANTED."); *Hoefert v. American Airlines, Inc.*, 438 F. Supp. 3d 724, 739 (N.D. Tex. 2020) ("Thus, the Court finds that based on purpose and duration, military absences and sick absences are not comparable, and as such Hoefert is not entitled to benefits on military leave that other pilots may accrue while on sick leave.").

The issue has trickled upstream. The Ninth Circuit reversed one district court. *See Clarkson v. Alaska Airlines, Inc.*, 59 F.4th 424, 436 (9th Cir. 2023) ("Here, the evidence put forth by Clarkson – and the Airlines – could allow a jury to infer that the duration of military leave is comparable to the duration of jury duty, bereavement, or sick leave. The district court erred in concluding otherwise.").

The Ninth Circuit is also poised to weigh in again. The plaintiff in *Synoracki* appealed. The Ninth Circuit recently issued a docket entry indicating that it is considering holding oral argument this summer. *See Synoracki v. Alaska Airlines, Inc.*, No. 22-35504 (9th Cir.) (Dckt. No. 40).

The Third Circuit is about to add its voice to the mix. In December 2023, the Third Circuit heard oral argument in *Scanlan*. *See Scanlan v. American Airlines*, No. 22-3294. (3d Cir.) (Dckt. No. 65). The Third Circuit has not yet issued a decision.

That's a long way of saying that the district court decisions in similar cases give this Court some doubts about the underlying merits in this case. And that pause brings up another issue: whether this Court should rule on the underlying merits at summary judgment before ruling on the motion to certify a class.

Federal Rule of Civil Procedure 23 governs class actions. According to Rule 23, this Court should issue a certification order "[a]t an early practicable time[.]" *See* Fed. R. Civ. P. 23(c)(1)(A). So, in "most circumstances, a judge should determine whether to grant or deny certification prior to ruling on the merits." *See Chavez v. Illinois State Police*, 251 F.3d 612, 629–30 (7th Cir. 2001). But "practicable" has some wiggle.

Some situations "do exist" when it is "appropriate to defer class certification until after decision on the merits." *Id.* at 630 (cleaned up). One example is when a case is "already ripe for summary judgment." *Id.* (cleaned up); *cf. Danny B. ex rel. Elliott v. Raimondo*, 784 F.3d 825, 837–38 (1st Cir. 2015) ("As a general matter . . . Rule 23 permits a district court, in appropriate circumstances, to defer the issue of class certification until after disposing of summary judgment motions. In such a situation, consideration of summary judgment motions is likely to furnish the court the information that it needs to understand the case and the issues it raises.") (cleaned up).

District courts in the Seventh Circuit have elaborated. Some have deferred a class certification ruling when "there is sufficient doubt" about the merits of a plaintiff's claim. *See, e.g.*, *Leeper v. Alliance Resource Partners, L.P.*, 356 F. Supp. 3d 761, 766 (S.D. Ill. 2018) ("One instance in which it may be appropriate for a Court to rule on summary judgment prior to class certification is when there is sufficient doubt regarding the likelihood of success on the merits of a plaintiff's claims.") (cleaned up); *Davis v. Retirement Plan of Phibro Animal Health Corp.*, 2011 WL 3793638, at *1 (S.D. Ill. 2011) ("[W]hile the Court intended to decide Plaintiffs' class certification motion prior to reviewing and ruling on the cross-motions for summary judgment . . . the current posture of this case and judicial economy dictate that any such ruling must be deferred until *after* the Court determines the propriety of summary judgment.") (emphasis in original); *Hakim v. Accenture U.S. Pension Plan*, 735 F. Supp. 2d 939, 956 (N.D. Ill. 2010) ("Courts in this district have recognized that one instance in which it may be appropriate for a court to rule on a summary judgment motion prior to ruling on a class certification motion is when there is sufficient doubt regarding the likelihood of success on the merits of a plaintiff's claim.") (cleaned up); *id.* (noting that the 2003 Amendment to the Rule provided "more flexibility concerning the timing for consideration of class certification issues").

Here's the punch line.

This Court has doubts about the merits of the underlying claims. And even setting those doubts aside, this Court thinks that it would benefit from the pending appeals in the Ninth Circuit and the Third Circuit.

After all, a court's Rule 23 analysis will "entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped." *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011)); *see also* 3 *Newberg & Rubenstein on Class Actions* § 7:10 ("[T]he Supreme Court's 2011 decision in the *Wal-Mart* case authorized courts to look at the merits of a case in deciding the certification motion; that look at the merits may be aided by discovery, hence forestalling the certification decision to a point not dissimilar from the summary judgment point of a lawsuit."); *id.* ("[S]ummary judgment motions . . . may sometimes be adjudicated prior to class certification motions, particularly if the defendant prefers to proceed in that manner, and the plaintiff class is not prejudiced by that approach.").

This Court understands that it has not heard from the parties lately on the timing issue. This Court also understands that a summary judgment motion is not ripe, because Defendants have not filed one yet.

At the end of the day, this Court wants to move the case forward productively. It wants to put itself in a position to make the most-informed decision, in a way that respects Rule 23.

Basically, it is up in the air whether Plaintiff has a valid claim at all. A number of district courts have rejected the same type of claim. The Ninth Circuit recently came out the other way, and the Third Circuit heard oral argument a few months ago.

This Court would benefit from receiving additional case law before deciding the complex question of class certification. To that end, the parties must file a status report with an update about the emerging case law by the end of May 2024. The parties must update the Court when the Third Circuit issues a decision, too.

At that point, this Court might change course. But as things stand, there is enough doubt about the viability of the claim to postpone a decision on class certification for the time being.

Date: March 24, 2024

Steven C. Seeger
United States District Judge