**UNITED STATES DISTRICT COURT FOR**
**THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

PATRICK HALEY and RANDAL REEP, on behalf of themselves and all others similarly situated,

*Plaintiffs*,

v.

DELTA AIR LINES, INC.,

*Defendant*

Civil Action No. 1:21-cv-01076-SEG

**Plaintiffs' Supplemental Memorandum in Support of Motion for Class Certification**

## Table of Contents

Introduction ....................................................................................................1

Argument..........................................................................................................2

I. Benjamin Best's Claims are Typical of the Damages Class. ..........................2

II. Best Is a More Than Adequate Class Representative....................................6

III. Common Issues of Law and Fact Predominate as to the Damages Class.......................................................................................................8

A. Advance notice for periods of military leave can be established based on common proof. ......................................................8

B. The duration of periods of military leave can be established based on common proof. ......................................................11

IV. Delta Does Not Challenge Best's Ability to Represent the Injunction Class.......................................................................................................15

Conclusion .....................................................................................................15

## Table of Authorities

**Page(s)**

**Cases**

*In re Air Cargo Shipping Servs. Antitrust Litig.*,
No. 06-MD-1175 JG VVP, 2014 WL 7882100 (E.D.N.Y. Oct. 15, 2014) .......... 13, 14

*Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*,
568 U.S. 455 (2013) .......... 11

*Ault v. Walt Disney World Co.*,
692 F.3d 1212 (11th Cir. 2012) .......... 3

*In re Blue Cross Blue Shield Antitrust Litig.*,
85 F.4th 1070 (11th Cir. 2023) .......... 6, 15

*Briseno v. ConAgra Foods, Inc.*,
844 F.3d 1121 (9th Cir. 2017) .......... 13, 14

*Clarkson v. Alaska Airlines Inc.*,
No. 2:19-CV-0005-TOR, 2020 WL 4495278 (E.D. Wash. Aug. 4, 2020) .......... 11

*Coleman v. Gen. Motors Acceptance Corp.*,
220 F.R.D. 64 (M.D. Tenn. 2004) .......... 7

*In re Delta/ AirTran Baggage Fee Antitrust Litig.*,
317 F.R.D. 675 (N.D. Ga. 2016) .......... 6

*Doe v. MG Freesites, LTD*,
No. 7:21-CV-00220-LSC, 2023 WL 8792153 (N.D. Ala. Dec. 19, 2023) .......... 13, 14, 15

*Hillis v. Equifax Consumer Servs.*
237 F.R.D. 491 (N.D. Ga. 2006). .......... 5

*Hively v. Northlake Foods, Inc.*,
191 F.R.D. 661 (M.D. Fla. 2000) .......... 6

*Huntsman v. Sw. Airlines Co.*,
No. 19-CV-00083-PJH, 2021 WL 391300 (N.D. Cal. Feb. 3, 2021)..........11, 13

*Kachler v. Taylor*,
849 F.Supp. 1503 (M.D. Ala. 1994) ....................................................................8

*Kirts v. Green Bullion Fin. Servs., LLC*,
No. 10-20312-CIV, 2010 WL 3184382 (S.D. Fla. Aug. 3, 2010)........................5

*Klay v. Humana, Inc.*,
382 F.3d 1241 (11th Cir. 2004) ........................................................................10

*Loc. 703, I.B. of T. Grocery & Food Emps. Welfare Fund v. Regions Fin. Corp.*,
762 F.3d 1248 (11th Cir. 2014) ..........................................................................2

*Loughlin v. Amerisave Mortg. Corp.*,
No. 1:14-CV-3497-LMM-LTW, 2018 WL 1896409 (N.D. Ga. Feb. 7, 2018) ..............................................................................................4

*Marlite, Inc. v. Eckenrod*,
No. 10-23641-CIV, 2011 WL 13113714 (S.D. Fla. July 25, 2011).....................8

*Myrick v. City of Hoover, Ala.*,
69 F.4th 1309 (11th Cir. 2023) ...................................................................10, 12

*Piazza v. Ebsco Indus., Inc.*,
273 F.3d 1341 (11th Cir. 2001) ..........................................................................2

*Ross v. Bank S. N.A.*,
837 F2d 980 (11th Cir. 1988) ..............................................................................4

*Scanlan v. Am. Airlines Grp., Inc.*,
No. 22-3294, 2024 WL 2281667 (3d Cir. May 21, 2024).................................11

*Scanlan v. Am. Airlines Grp., Inc.*,
No. CV 18-4040, 2022 WL 1028038 (E.D. Pa. Apr. 6, 2022)...........................11

*Stanich v. Travelers Indem. Co.*,
259 F.R.D. 294 (N.D. Ohio 2009) .......................................................................7

*Sullivan v. Chase Inv. Servs. of Boston, Inc.*,
79 F.R.D. 246 (N.D. Cal. 1978)...........................................................................7

*Thorpe v. Walter Inv. Mgmt., Corp.*,
No. 1:14-CV-20880-UU, 2016 WL 4006661 (S.D. Fla. Mar. 16, 2016) ....................4

*Todd v. Tempur-Sealy Int'l, Inc.*,
No. 13-CV-04984-JST, 2016 WL 5746364 (N.D. Cal. Sept. 30, 2016) ....................7

*In re Universal Serv. Fund Tel. Billing Pracs. Litig.*,
219 F.R.D. 661 (D. Kan. 2004) ....................7

*In re Vitamin C Antitrust Litig.*,
279 F.R.D. 90 (E.D.N.Y. Jan. 26, 2012) ....................8

**Statutes**

38 U.S.C. § 4302 ....................3

38 U.S.C. § 4312 ....................3

USERRA § 4316 ....................1, 10, 11, 12

USERRA § 4323 ....................1

**Other Authorities**

20 CFR § 1002.85 ....................3

Fed. R. Civ. P. 23 ....................1, 7, 11

Restatement (Second) of Judgments § 26 (1982) ....................8

## Introduction

This case challenges a uniform employment policy that Delta applies to all pilots under its Pilot Working Agreement: short-term military leave is unpaid, but other forms of short-term leave are paid. Benjamin Best is a Delta pilot who has taken short-term military leave from his employment with Delta. USERRA § 4316(b) requires that pilots taking military leave be provided the same benefits afforded pilots taking comparable leaves, including pay. He was not.

Plaintiffs seek certification of two classes of Delta pilots with Best as the class representative. An Injunction Class under Rule 23(b)(2) seeks relief under USERRA § 4323(d)(1)(A) in the form of an order requiring Delta to pay pilots for short-term military leave in the future. The Damages Class under Rule 23(b)(3) seeks to recover damages based on Delta's failure to pay short-term military leave like other, comparable leaves. None of Delta's arguments apply to the Injunction Class. Despite supplemental discovery, Delta has unearthed no reason to believe Best would be an unsuitable class representative. His claims, which challenge an undisputed policy at Delta are similar to those of other Delta pilots in the Damages Class. Delta asserts it has a purported defense against Best's claim, but that defense is not only based on an erroneous interpretation of USERRA, but Delta admits that it cannot show that the factual basis for the defense is unique to Best. Rather, the available evidence shows that Best's scheduling practices are similar to other

pilots. There is no conflict among the Class because no Delta pilot class member benefited from not being paid for short-term military leave. The claims are subject to common proof and minor discrepancies among Best's various military records can be remedied and do not render such records to be wholly unreliable as evidence of dates of military service. Plaintiffs' motion should be granted.

## Argument

### I. Benjamin Best's Claims are Typical of the Damages Class.

Delta asserts a purported a defense to Best's claims makes them atypical: he purportedly failed to provide notice to Delta of all his military duties "as far in advance as is reasonable under the circumstances," instead providing notice only when his duties would make him absent from employment with Delta. Def. Suppl. Mem. at 4-6. Delta's new arguments are wrong for multiple reasons.

First, Delta misapplies the standard on typicality. Typicality "may be satisfied despite substantial factual differences ... when there is a strong similarity of legal theories." *Loc. 703, I.B. of T. Grocery & Food Emps. Welfare Fund v. Regions Fin. Corp.*, 762 F.3d 1248, 1259 (11th Cir. 2014) (affirming finding of typicality). Typicality does not require "identical claims" and is satisfied where they share "the same essential characteristics" and similar legal theories despite "substantial factual differences." *Piazza v. Ebsco Indus., Inc.*, 273 F.3d 1341, 1351 (11th Cir. 2001). When the litigation challenges "the same policy," that each "class

member may have a stronger or weaker claim depending upon" specific factual circumstances "does not make class representatives' claims atypical." *Ault v. Walt Disney World Co.*, 692 F.3d 1212, 1216 (11th Cir. 2012) (rejecting argument).

Second, Delta's reliance on an "as far in advance" standard for notice is without basis in the statute—which unambiguously requires only advance notice. 38 U.S.C. § 4312(a)(1). Delta still has not cited a single case where a USERRA plaintiff provided advance notice but that notice was held unreasonably short. *See* ECF No. 126 at 10. Nothing suggests that the DOL intended to interpret advance notice to impose a reasonability standard. Rather, the DOL regulation on which Delta relies recognizes that USERRA "does not specify how far in advance notice must be given to the employer." 20 CFR § 1002.85. Delta has neither argued that USERRA is ambiguous such that *Chevron* deference would apply nor articulated how its interpretation is consistent with the requirement that USERRA be liberally construed in favor of servicemembers. *See* ECF No. 126 at 9-11.[1]

Third, Delta ignores that the claims to be certified for the Damages Class only encompass short-term military leaves appearing in Delta's military leave data. ECF No. 118 at 1. Delta undeniably received advance notice of the leaves reflected

---

[1] Delta suggests its defense is also based on to Best supposedly violating "Delta's policies." Def. Suppl. Mem at 6. That is not a defense as USERRA supersedes any policy that purports to establish "additional prerequisites" to the receipt of any benefit under the statute. 38 U.S.C. § 4302(b).

in its own data: if Delta had never been notified, the leave would never have been recorded. From 2018 forward, iCrew data includes the dates and times at which Best provided notice to Delta, in each case in advance of his actual date of leave. Downes Ex. 12. Nothing suggests leaves were recorded retroactively. *Id.* And Delta cannot identify *any* specific instances of Best's short-term military leave in its data that it asserts would not be compensable due to unreasonably short notice. Downes Ex. 13.

Fourth, typicality is not necessarily defeated by "specific defenses" to the class representative's claim. *Thorpe v. Walter Inv. Mgmt., Corp.,* No. 1:14-CV-20880-UU, 2016 WL 4006661, at *8 (S.D. Fla. Mar. 16, 2016) (collecting cases); ECF No. 118-1 at 12 (discussing *Ross v. Bank S. N.A.*, 837 F2d 980, 991 (11th Cir. 1988)). Rather, the defense must be unique and require the partis to focus on the unique defense rather than the common proof. *Id.* Where, as here, the defense affects less than all of the representative's claims, it will not undermine typicality. *Loughlin v. Amerisave Mortg. Corp.,* No. 1:14-CV-3497-LMM-LTW, 2018 WL 1896409, at *11 (N.D. Ga. Feb. 7, 2018), *adopted,* 2018 WL 1887292 (N.D. Ga. Mar. 19, 2018). As Delta does not suggest that it has a defense to all, just some, of Best's leaves, that does not undermine Best's typicality. Delta implicitly concedes that it cannot show that this defense is unique. Def. Suppl Mem. at 6 n.2 (arguing that there is no way to know whether other class members might be subject to this

defense). While Delta succeeded in precluding Plaintiffs from obtaining the necessary scheduling data that would show precisely how typical Best's scheduling and notification practices are, the available evidence shows that other Delta pilots act similarly to Best. Delta's expert has opined that, based on analysis of Reep's PCARS records, Reep performed military duties without providing notice to Delta or for longer periods of time reported. ECF No. 118-11 at 26-29. In *Sorenson*, Delta learned that pilot Adam McLean would perform administrative tasks for the military while on layovers or long call reserve for Delta rather than notifying Delta. Downes Ex. 14 ("McLean Dep.") 170:24-171:17, 217:18-218:1, 232:3-233:2. Brian Tully, Delta's former military affairs liaison, testified that he did the same as a pilot. ECF No. 127-5 at 36:2-6. Delta has argued that that such pilots were required to and did not provide notice of such military service to Delta. ECF No. 128 at 10 n.4. Far from being atypical, Best's practice appears consistent with other Delta pilots.

Finally, Delta's cases are distinguishable. In two of Delta's cases, the plaintiffs simply had no proof of their most basic factual allegations. *Kirts v. Green Bullion Fin. Servs., LLC,* No. 10-20312-CIV, 2010 WL 3184382, at *9 (S.D. Fla. Aug. 3, 2010); *Hillis v. Equifax Consumer Servs.*, Inc., 237 F.R.D. 491, 499 (N.D. Ga. 2006) (finding plaintiff had no standing where he testified he could not recall of any of the deceptive representations on which the case was based). By contrast,

Delta merely argues it has a defense to some unidentified subset of Best's leaves. In Delta's final case, plaintiff's discrimination claims were not typical because plaintiffs were terminated from different positions (in different states) and were terminated for different reasons by different decisionmakers. *Hively v. Northlake Foods, Inc.*, 191 F.R.D. 661, 668 (M.D. Fla. 2000). Here, Best challenges an undisputedly uniform policy.

## II. Best Is a More Than Adequate Class Representative.

Delta asserts that the limitation in the class definition of the Damages Class to include only claims for periods of military leave in Delta's data creates a class conflict. Def. Mem. at 6-7 (citing *Valley Drug v. Geneva Pharms,* 350 F.3d 1181, 1189 (11th Cir. 2003). But a disqualifying conflict in this Circuit requires some class members to "have been harmed by the same conduct that benefitted other members of the class." *In re Blue Cross Blue Shield Antitrust Litig.*, 85 F.4th 1070, 1091 (11th Cir. 2023) (quoting *Valley Drug*, 350 F.3d at 1189); *In re Delta/ AirTran Baggage Fee Antitrust Litig.*, 317 F.R.D. 675, 695 (N.D. Ga. 2016) (finding the benefits must be "so significant and apparent that the class members receiving them effectively had no incentive to see the challenged practice(s) declared unlawful"). No Class members benefitted from Delta's failure to pay them for short-term military leave or would be harmed by requiring Delta to do so.

Delta merely insinuates something is improper about a class pursuing only some claims on behalf of a class rather than all claims that every class member might possess. Mem. at 7. But "[a] strategic decision to pursue those claims a plaintiff believes to be most viable does not render her inadequate as a class representative." *Todd v. Tempur-Sealy Int'l, Inc.*, No. 13-CV-04984-JST, 2016 WL 5746364, at *5 (N.D. Cal. Sept. 30, 2016). Courts find class representatives adequate where they abandon weaker claims to pursue stronger and more valuable claims on a class basis. *Coleman v. Gen. Motors Acceptance Corp.*, 220 F.R.D. 64, 82 (M.D. Tenn. 2004); *In re Universal Serv. Fund Tel. Billing Pracs. Litig.*, 219 F.R.D. 661, 669 (D. Kan. 2004); *see Sullivan v. Chase Inv. Servs. of Boston, Inc.*, 79 F.R.D. 246, 265 (N.D. Cal. 1978) ("It is not uncommon for defendants to engage in a course of conduct which gives rise to a variety of claims, some amenable to class treatment, others not. Those claims that are amenable should be prosecuted as class actions in order to realize the savings of resources of courts and parties that Rule 23 is designed to facilitate."). After all, "[a]n absent class member whose claim was not suitable for class treatment and, therefore, not litigated in the class action proceeding, may bring an individual lawsuit asserting that claim." *Stanich v. Travelers Indem. Co.*, 259 F.R.D. 294, 307 (N.D. Ohio 2009).[2] Here, the

[2] Delta has not argued this suit would have preclusive effect on the ability of absent class members to assert their uncertified USERRA claims. To the extent that there

leaves that are not included are those for which Delta has no military leave data (which necessarily suggests absent class members never notified Delta of the corresponding military service). Delta can hardly object that the Class does not include claims for leaves that Delta contends would be meritless for lack of notice.

## III. Common Issues of Law and Fact Predominate as to the Damages Class.

Delta argues that individual issues will predominate at trial because there can be no common proof either that class members gave Delta advance notice of their military duties or whether a given period of military leave was, in fact, of 30 days or fewer days in duration. Def. Supp. Mem. at 9-15. Delta is wrong.

### A. Advance notice for periods of military leave can be established based on common proof.

The key sources of common proof of advance notice are Delta's military leave data, iCrew data, and Delta's military notification log. First, the very fact that

---

is a concern about a potential preclusive effect, there is a straightforward remedy. An exception to the claim-splitting principle exists where the "court in the first action has expressly reserved the plaintiff's right to maintain the second action." Restatement (Second) of Judgments § 26(1)(b) (1982). Thus, the Court may explicitly reserve the ability of absent class members to bring claims for service periods *not* reflected in Delta's data that they might otherwise be precluded from asserting. *In re Vitamin C Antitrust Litig.*, 279 F.R.D. 90, 116 (E.D.N.Y. Jan. 26, 2012) (making such reservation and holding it "sufficient to extinguish defendants' claim-splitting concerns for the purpose of class certification"); *see Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2011 WL 13113714, at *4 (S.D. Fla. July 25, 2011), *report and recommendation adopted*, No. 10-23641-CIV, 2011 WL 13113715 (S.D. Fla. Aug. 30, 2011) (finding no preclusion based on § 26(1)(b)); *Kachler v. Taylor*, 849 F.Supp. 1503, 1519 (M.D. Ala. 1994) (holding § 26(1)(b) part of federal common law of res judicata).

a period of military leave is reported in Delta's military leave data is evidence that Delta was provided with advance notice of that leave, through one mechanism or another. Second, iCrew records the date and time that a military absence is reported to Delta. ECF No. 138 at 55:4-11; *e.g.* Ex. 12. Delta concedes that it has such records from 2018 through to the present. Mem. at 10 n.4. Third, from 2017 forward, Delta has logs reflecting the dates that pilots notified Delta of their leave. ECF No. 138 at 55:16-56:5. Prior to 2017, Delta has records of when military leave was actually entered by Delta's crew resources team on a pilot's schedule back to 2011. *Id*. at 56:6-24; 76:21-77:2. If those entries precede the leave, that itself will show Delta was provided with advance notice of the duty. Verbal notification is "less common," ECF No. 138 at 43:7-18, to the point that the testimony of Delta's general manager of flying operations was inconsistent as to whether or not anyone in fact provides notice in this manner. *Id*. at 73:18-75:13. But even for verbal notifications, chief pilots report the notification in a manner that records when the leave was posted to a pilot's schedule. *Id*. at 78:17-79:15.

Delta's real objection is not to the lack of a common source of proof of notice to Delta, but a purported lack of common proof of when class members receive notice from the military of their service duties. Def. Supp. Mem. at 10. But this is only relevant to the extent the Court accepts Delta's faulty legal premise that the law requires an individualized totality of the circumstances analysis as to the

reasonableness of notice offered by every USERRA plaintiff rather than what the statute demands: advance notice. *Supra* I. Even if evidence of when class members received their notice of their military duties were relevant and did not admit of common proof, predominance would still not be defeated. "[I]t is not necessary that all questions of fact or law be common, but only that some questions are common and that they predominate over individual questions." *Klay v. Humana, Inc.*, 382 F.3d 1241, 1254 (11th Cir. 2004). Here, the common liability-driving issues of Delta's employment practices and the characteristics of short-term military leave and the comparator leaves "ha[ve] a direct impact on every class member's effort to establish liability and on every class member's entitlement to injunctive and monetary relief." *Id*. at 1255. ECF No. 118-1 at 19-20. The controlling Eleventh Circuit decision on USERRA § 4316(b) claims, makes this clear: that court was able to determine *categorically* that military leave and jury duty leave have similar purposes and that military servicemembers do not control when they will be called for service without individualized inquiries into the circumstances of the different plaintiffs there. *Myrick v. City of Hoover*, *Ala.*, 69 F.4th 1309, 1319 (11th Cir. 2023). It is sufficient that this is not a case where "plaintiffs must still introduce a great deal of individualized proof or argue a number of individualized legal points to establish most or all of the elements of their individual claims." *Klay*, 382 F.3d at 1255. This is why every court analyzing

Rule 23(b)(3) in a similar case has concluded predominance is satisfied. *Scanlan v. Am. Airlines Grp., Inc.*, No. CV 18-4040, 2022 WL 1028038, at *5 (E.D. Pa. Apr. 6, 2022) (certifying (b)(2) and (b)(3) classes); *Huntsman v. Sw. Airlines Co.*, No. 19-CV-00083-PJH, 2021 WL 391300, at *10 (N.D. Cal. Feb. 3, 2021) (certifying (b)(3) class); *Clarkson v. Alaska Airlines Inc.*, No. 2:19-CV-0005-TOR, 2020 WL 4495278, at *6 (E.D. Wash. Aug. 4, 2020) (certifying (b)(3) class).[3]

**B. The duration of periods of military leave can be established based on common proof.**

Determining the duration of military leaves is straightforward: a matter of cross-referencing Delta's military leave data and the DOD's data about military service. As Plaintiffs have previously explained, one element of a USERRA § 4316(b) claim is that the servicemember be absent from their civilian employment by reason of their military service. ECF No. 127-1 at 5. The common source of proof of absences for Damages Class members will be Delta's military leave data (as the class definition limits the claims to leaves reflected in Delta's data). The

[3] Delta relies on a district court's denial of class certification without prejudice (without addressing Rule 23) based on "doubts as to the underlying merits of the case" as an "additional reason" to deny class certification. Def. Supp. Mem. at n. 9. That rationale contradicts Supreme Court precedent that the merits of the claims may not be considered on class certification. *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 459 & 465-466 (2013). Moreover, the Third Circuit reversal of summary judgment to defendants in a parallel case undermines the premise of this argument. *Scanlan v. Am. Airlines Grp., Inc.*, No. 22-3294, 2024 WL 2281667, at *4 (3d Cir. May 21, 2024) (holding "a jury could conclude that short-term military leave is comparable to jury-duty or bereavement leave.").

duration of a period of military leave is based on the length of the period of military service that caused the absence plus statutorily allowed travel and reemployment time. USERRA § 4316(b)(1)(A); USERRA § 4316(e)(1)(A); *see* ECF No. 129 at 5. Military records of dates of service—PCARS—will serve as a common source of proof of the length of periods of military service. *E.g.* Downes Ex. 15.

Delta's asserted problem in Best's leave history demonstrates how these statutory principles would be applied using the available data on a class-wide basis. Delta's data reflects multiple short-term periods of leave by Best in Spring of 2017, but his PCARS reflects one 39 day, long-term period of leave. Def. Supp. Mem. at 11. USERRA requires the entire period of service be treated as a leave. USERRA § 4316(b)(1)(A). That period of leave is not included in the class definition.[4]

Delta argues that the military's records are unreliable based on some of Best's PCARS conflicting with Delta's data and Best's flight logs. Def. Suppl. Mem. at 14 & n.7. But of the approximately 134 days of short-term military leave reflected in Delta's seven years of leave data for Best, only five are not reflected in

[4] Delta also notes an occasion when Best's Delta leave data shows one day of leave (June 1, 2019) followed consecutively by 60 days of leave (June 2, 2019 to July 31, 2019). Mem. at 12. The Eleventh Circuit has resolved how such consecutive service periods should be treated: as a single leave. *Myrick*, 69 F.4th 1320 n.7.

his PCARS. Downes Decl. ¶ 2. A 3.7% discrepancy rate is well within the range another court considering similar claims found sufficient for purposes of satisfying predominance. *Huntsman*, 2021 WL 391300, at *13 (certifying class notwithstanding 23% discrepancy rate). And discrepancies running the other way—i.e., where service is reflected in the PCARS but not in Delta's data—are irrelevant because Plaintiff does not seek to certify such claims. Similarly, Delta identified precisely one day in Best's flight logs that did not appear to be reflected in Best's PCARS (one reflected a date of December 6, the other a date of December 7). Best Dep. 152:16-153:18.

Contrary to Delta's assertion, the data used for identifying class members[5] and determining class-wide damages need not be perfect to satisfy predominance. *In re Air Cargo Shipping Servs. Antitrust Litig.*, No. 06-MD-1175 JG VVP, 2014 WL 7882100, at *56 (E.D.N.Y. Oct. 15, 2014) (rejecting defendants' argument that their own data was unsuitable as classwide proof based on inconsistencies), *adopted*, 2015 WL 5093503 (E.D.N.Y. July 10, 2015). The court held that these concerns went to weight rather than whether data could serve as a common source

[5] Delta reframes its prior argument that membership in the Damages Class is not ascertainable. ECF No. 123 at 10-12. Ascertainability likewise does not demand perfect data. *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1132 (9th Cir. 2017) (holding ascertainability does not demand "the identity of class members can be ascertained with perfect accuracy"); *Doe v. MG Freesites, LTD*, No. 7:21-CV-00220-LSC, 2023 WL 8792153, at *3 (N.D. Ala. Dec. 19, 2023) (holding ascertainability does not require class be "capable of convenient determination").

of proof for class certification purposes. *Id*. As "inconsistencies are virtually inevitable when experts draw from such large data pools" models based on such data "should not be thrown out based on such a common and minor limitation, particularly not when the inconsistencies are drawn from the defendants' own records." *Id*. The same applies to Delta's data and minor inconsistencies does not render the data wholly unreliable as a source of common proof.

Delta attempts to adequately distinguish *MG Freesites* by simply describing it as "factually inapposite." Def. Suppl. Mem. at 8 n.3 (citing *MG Freesites,* 2023 WL 8792153, at *11). But the analysis applies here: the mere fact that the defendant lacks data sufficient to prove one element of the class's claims on a classwide basis (even a central one) will not defeat predominance. *MG Freesites*, 2023 WL 8792153, at *11. In that case, the court certified a class of persons who had been trafficked as minors against a network of pornographic websites that hosted child sexual assault material (CSAM). *Id*. at *1. The court rejected defendants' arguments that their "content"—the videos and images of the class members—would in almost all cases be insufficient to prove an essential element of the claims: that the class members were minors when the CSAM was created. *Id*. at *11. Rather, defendants could raise any challenges to class membership or damages on that basis in the claims administration process. *Id*; *Briseno*, 844 F.3d at 1131 (suggesting a similar process). As in that case and contrary to Delta's

suggestion, whether and for how long a class member took military leave is indeed an "objective" question, not one "subject to opinion or interpretation." *MG Freesites* at *3.

## IV. Delta Does Not Challenge Best's Ability to Represent the Injunction Class.

Delta's new arguments about Best do not apply to the Injunction Class. As the Injunction Class only addresses *prospective* relief, Delta's arguments about Best's *past* practices regarding notice do not create any unique defense or class conflict for this Class. Nor do its arguments about predominance that are based on the purported inadequacy of its own records of *past* leaves. Delta argues only that an injunction that would require the payment of money in the future is inconsistent with *Dukes*. Mem. at 8 n.3. But certifying separate injunction and damages classes under (b)(2) and (b)(3) is consistent with *Dukes*. ECF No. 126 at 24-25; *see In re Blue Cross Blue Shield*, 85 F.4th at 1091 (finding Circuit precedent allowed certification of both an injunctive relief class and a damages class). Thus, Delta offers no reason that Best is not an adequate representative of the Injunction Class.

## Conclusion

Plaintiffs' Motion for Class Certification should be granted and Best should be appointed as the Class Representative.

Dated: May 30, 2024

Respectfully submitted,

*/s/ Colin M. Downes*
Colin M. Downes*
R. Joseph Barton*
BARTON & DOWNES LLP
1633 Connecticut Ave., NW
Suite 200
Washington D.C. 20009
Tel: (202) 734-7046
Email: colin@bartondownes.com
Email: jbarton@bartondownes.com

*/s/ Stephen J. Anderson*
Stephen J. Anderson
Georgia Bar No. 018325
Kenneth S. Nugent, P.C.
4227 Pleasant Hill Road
Building 11, Suite 300
Duluth GA 30096
Tel: (770) 820-0893
Email: sanderson@attorneykennugent.com

Michael J. Scimone*
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, New York 10017
Tel: (212) 245-1000
Email: mscimone@outtengolden.com

Peter Romer-Friedman*
Robert Friedman*
GUPTA WESSLER PLLC
2001 K Street NW, Suite 850 North
Washington, D.C. 20006
Tel: (202) 888-1741
Email: peter@guptawessler.com
Email: robert@guptawessler.com

Matthew Z. Crotty*
CROTTY & SON LAW FIRM, PLLC
905 W. Riverside Ave.
Suite 404
Spokane, WA 99201
Tel: (509) 850-7011
Email: matt@crottyandson.com

Thomas G. Jarrard*
LAW OFFICE OF THOMAS G. JARRARD LLC
1020 N. Washington St.
Spokane, WA 99201
Tel: (425) 239-7290
Email: Tjarrard@att.net

*Attorneys for Plaintiff Patrick Haley*

*Admitted *pro hac vice*

*/s/ Crystal L. Matter*
Crystal L. Matter*
Matter Law, APC
101 Parkshore Drive, Suite 100
Folsom, CA 95630
Tel: 916-735-7495
Email: crystal@matterlawapc.com

Andrew Joseph Coomes
Georgia Bar No. 184999
Law Office of A. Joseph Coomes, LLC
990 Hammond Drive, Suite 840
Atlanta, GA 30328
Tel: 404-285-1745
Email: ajc@jcoomeslaw.com

*Attorneys for Plaintiff Randal Reep*

*Admitted *pro hac vice*

**Certificate of Compliance Pursuant to L.R. 7.1(D)**

The undersigned counsel certifies that this brief has been prepared with one of the font and point selections approved by the Court in L.R. 5.1(C).[6]

*/s/ Colin M. Downes*
Colin M. Downes*
BARTON & DOWNES LLP
1633 Connecticut Ave., NW
Suite 200
Washington D.C. 20009
Tel: (202) 734-7046
Email: colin@bartondownes.com

[6] The operative local rules require that "counsel must certify that the brief has been prepared with one of the font and point selections approved by the Court in LR 5.1(B)." L.R. 7.1(D). This appears to be an error, as the font and point selections approved by the Court are set forth in Local Rule 5.1(C). Plaintiff has thus certified compliance with that provision of the Local Rules.