# Exhibit 13

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **PATRICK HALEY and RANDAL REEP, on behalf of themselves and all others similarly situated,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**DELTA AIR LINES, INC.**<br><br>**Defendant.** | Civil Action No. 1:21-CV-01076-SEG |

**DEFENDANT DELTA AIR LINES, INC.'S AMENDED RESPONSES TO BENJAMIN BEST'S FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33 and the Court's Order dated January 29, 2024 (*see* ECF 153), Defendant Delta Air Lines, Inc. ("Delta" or "Defendant"), by and through the undersigned counsel, hereby amends its responses to the First Set of Interrogatories ("Interrogatories") propounded by Benjamin Best ("Best") in the above-referenced matter as follows:

## PRELIMINARY STATEMENT AND CONTINUING OBJECTIONS

Defendant states that these responses, while based on diligent exploration by Defendant, reflect only the current state of Defendant's knowledge, understanding, and belief with respect to the matters addressed in the Interrogatories. These

responses are neither intended as, nor shall in any way be deemed, an admission or representation that further information does not exist. Defendant reserves the right to modify or supplement its responses with such pertinent information as it may subsequently discover. Furthermore, these responses are given without prejudice to Defendant's right to use or rely on at any time, including trial, subsequently discovered information or documents, or information or documents omitted from these responses as a result of mistake, error, oversight, or inadvertence.

Nothing contained herein is intended to be, nor shall in any way be construed as, a waiver of any attorney-client privilege, work-product doctrine, right to privacy, or any other applicable doctrine or privilege. To the extent any Interrogatory may be construed as calling for disclosure of information protected by any such privilege or doctrine, a continuing objection to each and every request is hereby interposed. Defendant objects to Best's Interrogatories to the extent they seek information that is of a confidential, proprietary, personal, or private nature to Defendant or its current or former employees. Information containing such confidential, proprietary, personal, or private information will be produced, to the extent not otherwise objectionable, pursuant to the Consent Protective Order, Dkt. No. 62.

Defendant objects to any Interrogatories that seek to impose upon Defendant any obligation or responsibility in excess of those required by the Federal Rules of

Civil Procedure, the local rules of the United States District Court for the Northern District of Georgia, other applicable law, and/or any pretrial Orders entered by the Court.

Defendant objects to Best's definition of "relating to" or "relate to" as being overly broad, unreasonably vague and ambiguous, and unduly burdensome. One example is its inclusion of "alluding to" a subject.

Defendant objects to Best's definition of "Class," "Class Member," and "Delta," to the extent it includes Northwest Airlines, Inc. ("Northwest") or any other entity that merged or otherwise combined with Delta because the Class is defined as only pilots who work or worked for Delta and because the sole proposed class representative, Best, has only been employed by Delta and no entity other than Delta is a Defendant in this case.

Defendant objects to Best's definition of "Electronic Data" to the extent it varies from the parties' agreements regarding ESI and ESI protocol in this case.

Defendant objects to Best's definition of "Work Groups" as being unreasonably vague and ambiguous as that term is not generally used at Delta to identify groups of Delta employees.

The continuing objections set forth above are hereby incorporated in the responses to each of the Interrogatories as if set forth in full. The responses below

set forth Defendant's present knowledge and information based on its investigation to date, which is continuing. Defendant reserves the right to supplement or amend these responses as may be necessary.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Set forth any reason that BEST is not an adequate class representative, including any conflict that BEST has with the CLASS or any portion of the CLASS, the basis for the inadequacy, including the nature of any conflict and class members with whom he has a conflict, and the material facts supporting the purported inadequacy or conflict.

**AMENDED RESPONSE:**

Defendant objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Defendant objects to the definition of "Class" and "Class Member" to the extent it includes Northwest or any other entity that merged or otherwise combined with Delta because the Class is defined as only pilots who work or worked for Delta and because the sole proposed class representative, Best, has only been employed by Delta and no entity other than Delta is a Defendant in this case. Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous in its use of the undefined phrase "material facts." Defendant objects to

this Interrogatory to the extent that it improperly attempts to shift the burden of establishing the requirements of Rule 23 to Delta. Defendant further objects to this Interrogatory on the grounds that it seeks information that is covered by the attorney-client privilege and the work-product doctrine.

Subject to and without waiving any of its objections, Delta states that to the extent that Best is basing a claim on alleged leaves of absence that did not apply to him during his tenure at Delta, he is not an adequate class representative for any such claims. Delta states that to the extent that Best is basing a claim on alleged leaves of absence whereby he never notified Delta of such absence before the monthly bid period and putative class members did, or to the extent that he never notified Delta of such absence until after the monthly bid period and putative class members did, Best is not an adequate class representative for those categories of leaves. Delta states that to the extent that Best is basing a claim on alleged leaves of absence whereby he did not provide Delta with appropriate advance notice, he is not an adequate class representative for those putative class members who provided appropriate notice. Further, Best is a putative member of a class action pending against Delta in this Court, captioned *Sorenson et al v. Delta Air Lines, Inc.*, Case No. 17-cv-541 (N.D. Ga.). *Sorenson* includes a comparable leave claim under 38 U.S.C. § 4316(b)(1) that is in conflict with the Section 4316(b)(1) claim in this case

and thus may create a conflict between Best and the putative class members in this case.

Best also has conflicts with the class and is an inadequate class representative for at least the following additional reasons: (a) Best admits that he often waits to notify Delta of his military leave until he confirms that he has military duty that conflicts with his Delta schedule, which usually occurs after Delta has set his schedule for each bid period; (b) according to Best's testimony, Best's military duty was based significantly on availability he provided to his commanders; (c) Best receives verbal orders from commanders; and (d) Best admits he does not submit all of his military duty to Delta as military leave.

Delta reserves the right to supplement this Interrogatory response consistent with Rule 26.

**INTERROGATORY NO. 2:**

Set forth any reason that BEST's claims in this action are not typical of those of the CLASS or any subset of the CLASS, the basis for that purported atypicality of his claims, and the material facts that support the atypicality of his claims.

**AMENDED RESPONSE:**

Defendant objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Defendant objects to the definition of "Class" to the extent

it includes Northwest or any other entity that merged or otherwise combined with Delta because the Class is defined as only pilots who work or worked for Delta and because the sole proposed class representative, Best, has only been employed by Delta and no entity other than Delta is a Defendant in this case. Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous in its use of the undefined phrase "material facts." Defendant objects to this Interrogatory to the extent that it improperly attempts to shift the burden of establishing the requirements of Rule 23 to Delta. Defendant further objects to this Interrogatory on the grounds that it seeks information that is covered by the attorney-client privilege and the work-product doctrine.

Subject to and without waiving any of its objections, Delta states that to the extent that Best is basing a claim on alleged leaves of absence that did not apply to him during his tenure at Delta, his claims are not typical of those of the putative class. Delta states that to the extent that Best is basing a claim on alleged leaves of absence whereby he never notified Delta of such absence before the monthly bid period and putative class members did, or to the extent that he never notified Delta of such absence until after the monthly bid period and putative class members did, Best's claims are not typical of those of the putative class for those categories of leaves. Delta states that to the extent that Best is basing a claim on alleged leaves of

absence whereby he did not provide Delta with appropriate advance notice, his claims are not typical of those of the putative class who did provide Delta with appropriate advance notice.

Best's claims also are not typical of those of the putative class for at least the following additional reasons: (a) Best admits that he often waits to notify Delta of his military leave until he confirms that he has military duty that conflicts with his Delta schedule, which usually occurs after Delta has set his schedule for each bid period; (b) according to Best's testimony, Best's military duty was based significantly on availability he provided to his commanders; (c) Best receives verbal orders from commanders; and (d) Best admits he does not submit all of his military duty to Delta as military leave.

Delta reserves the right to supplement this Interrogatory response consistent with Rule 26.

**INTERROGATORY NO. 3:**

Set forth any defense that YOU have unique to BEST (or a subset of the Class of which he is a part) as to his claims in his action, the basis for that defense and the material facts supporting that defense.

**<u>AMENDED RESPONSE</u>:**

Defendant objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Defendant objects to the definition of "Class" to the extent it includes Northwest or any other entity that merged or otherwise combined with Delta because the Class is defined as only pilots who work or worked for Delta and because the sole proposed class representative, Best, has only been employed by Delta and no entity other than Delta is a Defendant in this case. Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous in its use of the undefined phrase "material facts." Defendant objects to this Interrogatory to the extent that it improperly attempts to shift the burden of establishing the requirements of Rule 23 to Delta. Defendant further objects to this Interrogatory on the grounds that it seeks information that is covered by the attorney-client privilege and the work-product doctrine.

Subject to and without waiving any of its objections, Delta states that it may have an estoppel and *res judicata* defense as to Best's claims in this action arising out of forthcoming factual findings of the Court related to the lawsuit styled *Sorenson v. Delta Air Lines, Inc.*, Case No. 17-cv-541-ELR (N.D. Ga.). Delta states that it may also have a laches defense as to Best's claims for any periods of military leave for which notice information is unavailable or other information surrounding

the circumstances of the absence is unavailable. For example, to the extent that Delta is not able to identify the date(s) on which Best notified Delta of certain periods of military leave, such a defense may exist. Further, Delta states that it may have a defense for any periods of military leave for which Best received verbal orders from the military. Because Best is unable to identify when all verbal orders were given to Best, Best will be unable to meet his burden to show which and whether periods of military leave were subject to such verbal orders and if and when Best could have given appropriate advance notice. Even if Best could identify such dates of military leave, Delta is entitled to defend against his claims—including by disputing alleged dates of military leave and whether notice was sufficient—and is hampered from doing so by virtue of the fact that Best cannot identify the circumstances surrounding such purported verbal orders. Delta further states that this kind of individualized inquiry with respect to each pilot and each period of military leave precludes class certification.

Delta reserves the right to supplement this Interrogatory response consistent with Rule 26.

**<u>INTERROGATORY NO. 4</u>:**

Identify each period of SHORT-TERM MILITARY LEAVE taken by BEST from his employment with DELTA from April 30, 2007 to the present that is reflected in DELTA's military leave data or other DELTA records.

**<u>AMENDED RESPONSE</u>:**

Defendant objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous in its use of the undefined term "leave." Defendant objects to the definition of "Delta," to the extent it includes Northwest or any other entity that merged or otherwise combined with Delta because the Class is defined as only pilots who work or worked for Delta and because the sole proposed class representative, Best, has only been employed by Delta and no entity other than Delta is a Defendant in this case. Defendant further objects to this Interrogatory on the grounds that there is no "Short-Term Military Leave" under USERRA, particularly with respect to the comparable leave provision as it refers to all service in the military and all absences due to military service, regardless of the length of service. Defendant further objects to this Interrogatory to the extent it seeks information that is, or should be, in Best's possession, custody, or control.

Subject to and without waiving any of its objections, pursuant to Rule 33(d), Defendant has produced documents and data, to the extent maintained by Delta, that are sufficient to identify, with substantially the same burden for Best as for Delta, each period of military leave taken by Best—based on Best's representations to Delta that he would be performing military service—during his employment with Delta through August 30, 2022, including, but not limited to, at DELTA_00005963; DELTA_00017495; and DELTA_00017496.

Delta reserves the right to supplement this Interrogatory response consistent with Rule 26.

**INTERROGATORY NO. 5:**

For each period of SHORT-TERM MILITARY LEAVE taken by BEST from his employment with DELTA from April 30, 2007 to the present that is reflected in DELTA's military leave data or other DELTA records, identify the date that Delta's records reflect that BEST provided notice of that leave.

**AMENDED RESPONSE:**

Defendant objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous in its use of the undefined term "leave." Defendant objects to the definition of "Delta," to the extent it includes Northwest or any other

entity that merged or otherwise combined with Delta because the Class is defined as only pilots who work or worked for Delta and because the sole proposed class representative, Best, has only been employed by Delta and no entity other than Delta is a Defendant in this case. Defendant further objects to this Interrogatory on the grounds that there is no "Short-Term Military Leave" under USERRA, particularly with respect to the comparable leave provision as it refers to all service in the military and all absences due to military service, regardless of the length of service. Defendant further objects to this Interrogatory to the extent it seeks information that is, or should be, in Best's possession, custody, or control.

Subject to and without waiving any of its objections, pursuant to Rule 33(d), Defendant has produced documents and data, to the extent maintained by Delta, that are sufficient to identify, with substantially the same burden for Best as for Delta, the dates during Best's employment with Delta through August 30, 2022 that Best notified Delta of a request to be absent from work for military service or that Delta inputted such request by Best, due to his representation that he would be performing military service, including, but not limited to, at DELTA_00005963; DELTA_00017495; DELTA_00017496; DELTA_00018289; DELTA_00018301; DELTA_00018278; DELTA_00018285; DELTA_00018455–60;

DELTA_00018537; DELTA_00019644; DELTA_00019754; and DELTA_00019945.

Delta reserves the right to supplement this Interrogatory response consistent with Rule 26.

**INTERROGATORY NO. 6:**

Identify any period of SHORT-TERM MILITARY LEAVE taken by BEST from his employment with DELTA from April 30, 2007 to the present as reflected in DELTA's military leave data for which YOU contend that BEST did not provide notice as required by 38 U.S.C. § 4312(a)(1).

**AMENDED RESPONSE:**

Defendant objects to this Interrogatory on the grounds that it is asks a pure question of law, and on the grounds that it is overly broad and unduly burdensome. Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous in its use of the undefined term "leave." Defendant objects to the definition of "Delta," to the extent it includes Northwest or any other entity that merged or otherwise combined with Delta because the Class is defined as only pilots who work or worked for Delta and because the sole proposed class representative, Best, has only been employed by Delta and no entity other than Delta is a Defendant in this case. Defendant further objects to this Interrogatory on the grounds that it seeks

information that is covered by the attorney-client privilege and the work-product doctrine. Defendant further objects to this Interrogatory on the grounds that there is no "Short-Term Military Leave" under USERRA, particularly with respect to the comparable leave provision as it refers to all service in the military and all absences due to military service, regardless of the length of service. Defendant objects to this Interrogatory to the extent that it improperly attempts to shift the burden of establishing the requirements of Rule 23 to Delta. Defendant further objects to this Interrogatory on the grounds that it is Best's burden and obligation to demonstrate that Best has given appropriate advance notice of an absence to Delta under 38 U.S.C. § 4312 (a)(1).

Subject to and without waiving any of its objections, and without taking on Best's affirmative burden to identify which periods of military leave were adequately noticed, Delta states that the identification of which periods of military leave were adequately noticed is a fact-intensive and individualized analysis that would have to be conducted for each period of military leave for each putative class member. In many circumstances it is difficult, and indeed may not be possible, to determine whether reasonable advance notice was given for each period of military leave because the analysis requires understanding when the pilot received notice of the military service from the military and when the pilot notified Delta, and such

information may not exist. For example, Best claims he received verbal orders for some periods of military leave but does not know for which periods of leave and when he received such verbal orders. In addition, Best sometimes receives written orders, and verbal orders, *after* the start of his military duty period and was unable to identify how and when he knew to report for duty. Thus, it is impossible to identify when he received notification of such military duty. Likewise, Best admitted in his deposition testimony that he attempted to manipulate his schedule by holding noticed leave until after the bid period was set and, even then, only provided the notice if it conflicted with his Delta flight schedule. Nonetheless, Delta states that Best did not provide adequate notice, as required under 38 U.S.C. § 4312 (a)(1), for any absences (a) where notice of such absence was given after the monthly bid period, which occurs the month prior, starting the first week of the month and ending at, or around, the 11th of the month, when Best knew of such absence prior to the bid period; and (b) where notice of such absence was intentionally withheld from Delta and/or was not provided to Delta in a timely manner after receipt, when Best did not know of such absence until after the bid period closed.

Delta reserves the right to supplement this Interrogatory response consistent with Rule 26.

**<u>INTERROGATORY NO. 7</u>:**

For each period of leave reflected in DELTA's data or records that shows that BEST took legal duty leave (including jury duty or as witness in any legal proceeding), bereavement leave, sick leave or vacation leave from April 30, 2007 to the present, identify the dates of the leave, the date on which BEST provided notice of that leave, the method by which notice was provided and whether BEST missed work or dropped a trip to take such leave.

**<u>AMENDED RESPONSE</u>:**

Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor proportional to the needs of this case, including because it seeks information that is not relevant to any party's claims or defenses. Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous in its use of the undefined term "leave." Defendant objects to the definition of "Delta," to the extent it includes Northwest or any other entity that merged or otherwise combined with Delta because the Class is defined as only pilots who work or worked for Delta and because the sole proposed class representative, Best, has only been employed by Delta and no entity other than Delta is a Defendant in this case. Defendant further objects to this Interrogatory to

the extent it seeks information that is, or should be, in Best's possession, custody, or control.

Subject to and without waiving any of its objections, pursuant to Rule 33(d), Defendant has produced documents and data, to the extent maintained by Delta, that are sufficient to identify, with substantially the same burden for Best as for Delta, the dates during Best's employment with Delta through August 30, 2022 that Best represented to Delta that he would be on vacation, performing jury duty or other legal service, performing military service, had a death in the family, or was sick, and the dates that Best notified Delta of a request to be absent from work or that Delta inputted such request by Best, due to Best's representation that he would be on vacation, performing jury duty or other legal service, performing military service, had a death in the family, or was sick, including, but not limited to, at DELTA_00005963; DELTA_00017495; DELTA_00017496; DELTA_00018301; DELTA_00019722; DELTA_00019949; and DELTA_00019965.

Delta reserves the right to supplement this Interrogatory response consistent with Rule 26.

Dated: April 12, 2024

**TROUTMAN PEPPER
HAMILTON SANDERS LLP**

*/s/ James A. Washburn*
James A. Washburn
Georgia Bar No. 738845
Lindsey B. Mann
Georgia Bar No. 431819
Bianca N. DiBella
Georgia Bar No. 820341

600 Peachtree Street, N.E., Suite 3000
Atlanta, Georgia 30308
T: (404) 885-3000
F: (404) 885-3900
james.washburn@troutman.com
lindsey.mann@troutman.com
bianca.dibella@troutman.com

***Attorneys for Defendant Delta Air Lines, Inc.***

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **PATRICK HALEY and RANDAL REEP, on behalf of themselves and all others similarly situated,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**DELTA AIR LINES, INC.**<br><br>**Defendant**. | Civil Action No. 1:21-CV-01076-SEG |

**VERIFICATION**

Jason Zawislak verifies that he has reviewed the information supplied in the foregoing DEFENDANT DELTA AIR LINES, INC.'S AMENDED RESPONSES TO BENJAMIN BEST'S FIRST SET OF INTERROGATORIES and that these responses were prepared by counsel and that he has personal knowledge of some of the information contained in the responses, other information is set forth in documents maintained in the ordinary course of business by Defendant, and that some information seeks legal opinions or information which are provided by counsel for Delta. He certifies under penalty of perjury that the responses are true and correct to the best of his knowledge, understanding and belief.

This 12th day of April, 2024.

*/s/ Jason Zawislak*
JASON ZAWISLAK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **PATRICK HALEY and RANDAL REEP, on behalf of themselves and all others similarly situated,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**DELTA AIR LINES, INC.**<br><br>**Defendant**. | Civil Action No. 1:21-CV-01076-SEG |

**CERTIFICATE OF SERVICE**

I certify that on April 12, 2024, DEFENDANT DELTA AIR LINES, INC.'S AMENDED RESPONSES TO BENJAMIN BEST'S FIRST SET OF INTERROGATORIES were served upon all counsel of record by email as follows:

| | |
|---|---|
| R. Joseph Barton<br>jbarton@bartondownes.com<br>Colin M. Downes<br>colin@bartondowns.com | Peter Romer-Friedman<br>peter@prf-law.com |
| Stephen J. Anderson<br>sanderson@attorneykennugent.com | Robert Friedman<br>robert@guptawessler.com |
| Michael J. Scimone<br>mscimone@outtengolden.com | Matthew Z. Crotty<br>mzc@riverside-law.com |
| Thomas G. Jarrard | Crystal L. Matter |

tjarrard@att.net

crystal@matterlawapc.com

Andrew Joseph Coomes
ajc@jcoomeslaw.com

*/s/ James A. Washburn*
Georgia Bar No. 738845