UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PATRICK HALEY AND RANDAL REEP, on behalf of themselves and all others similarly situated,<br>Plaintiffs,<br>v.<br>DELTA AIR LINES, INC.,<br>Defendant. | CIVIL ACTION NO.<br>1:21-CV-1076-SEG |

**ORDER**

This matter is before the Court on Plaintiffs' motion for class certification. (Doc. 118.) After careful consideration, the Court enters the following order.

## I. Background

Plaintiffs Patrick Haley and Randall Reep brought this putative class action against Defendant Delta Airlines, Inc. ("Delta") for alleged violations of the Uniformed Service Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 *et seq*. (Doc. 22.) Plaintiffs Haley and Reep are former Delta employees who served in the U.S. Armed Forces while employed at Delta. (*Id.* ¶¶ 9-10.) According to Plaintiffs, Delta has a policy of providing paid leave to employees for taking certain short-term absences but does not provide paid leave for short-term military absences. (*Id.* ¶ 2.) Plaintiffs contend that Delta's policy

violates Section 4316 of USERRA by failing to provide paid leave to employees who take short-term military leave. (*Id.* ¶¶ 61-68.)

On March 29, 2022, then-Chief Judge Timothy Batten denied Delta's motion to dismiss Plaintiffs' claims. (Doc. 42.) Following a period of discovery, on June 12, 2023, Plaintiffs filed the instant motion for class certification. (Doc. 118.) Plaintiffs propose certifying two classes:

> (1) All current and former pilots who work or worked for Delta Air Lines, Inc. ("Delta") in the United States or its territories or possessions who took short-term military leave (i.e., a military leave of 30 consecutive days or fewer) from their employment from Delta as a pilot from April 30, 2007 to the date of judgment in this action, as reflected by Delta's military leave data (the "Damages Class"); and
>
> (2) all pilots currently employed by Delta who are also currently members of the uniformed services (the "Injunction Class").

(*Id.* ¶ 1.) Plaintiffs do not request that Plaintiff Haley or Plaintiff Reep serve as the class representative for either proposed class. Rather, Plaintiffs seek the appointment of an absent putative class member, Benjamin Best, as the class representative for both classes. (*Id.* ¶ 3.)

The Court held evidentiary hearings on Plaintiffs' motion for class certification on November 28, 2023, and January 17, 2024. (Doc. 135, 151.) Because Delta had not had the opportunity to depose or otherwise obtain discovery with respect to Mr. Best, after the evidentiary hearings, the Court reopened discovery and ordered the parties to submit supplemental briefing.

(Doc. 149, 153.) The parties have completed additional discovery and filed supplemental briefing concerning the adequacy of Mr. Best as a class representative. (Doc. 170, 171.) Plaintiffs' motion for class certification is ripe for review.

## II. Discussion

Before the Court can address the merits of Plaintiffs' motion for class certification, it must address several preliminary issues stemming from the fact that Plaintiffs' proposed class representative, Mr. Best, is not currently named in the operative complaint. (Doc. 22.)

### A. Standing to Seek Injunctive Relief

Delta contends that because Plaintiffs Haley and Reep are not currently employed by Delta, and Mr. Best is not named in the operative complaint, Plaintiffs do not have standing to seek injunctive relief in this case. (Doc. 123 at 41.) The Court agrees.

Plaintiffs seek to certify a class of current Delta pilots who serve in the military pursuant to Federal Rule of Civil Procedure 23(b)(2). (Doc. 118.) A Rule 23(b)(2) class seeking injunctive relief may be certified if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole[.]" Fed. R. Civ. P. 23(b)(2). While Plaintiffs *may*

eventually be able to certify a (b)(2) injunctive class with Mr. Best as its class representative, because Mr. Best is an absent putative class member, there is no *plaintiff* in this matter who is currently an employee at Delta with standing to pursue injunctive relief.

There are three elements to establish standing under Article III of the U.S. Constitution: "(1) 'injury-in-fact'; (2) 'a causal connection between the asserted injury-in-fact and the challenged action of the defendant'; and (3) 'that the injury will be redressed by a favorable decision.'" *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328 (11th Cir. 2013) (quoting *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001)). When injunctive relief is sought, the injury-in-fact element requires a plaintiff to "show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future." *Wooden v. Bd. of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1283 (11th Cir. 2001); *see Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1346 (11th Cir. 1999) ("In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future."). "Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party shows 'a real and immediate—

as opposed to a merely conjectural or hypothetical—threat of *future* injury.'" *Houston*, 733 F.3d at 1329 (quoting *Shotz*, 256 F.3d at 1081).

Here, the two Plaintiffs named in the amended complaint do not have standing to pursue injunctive relief for pilots at Delta subject to an allegedly unlawful military leave policy. Both Plaintiffs Haley and Reep are former employees of Delta and therefore no longer subject to Delta's policies. (Doc. 22 ¶¶ 9-10.) Neither Plaintiff has standing to pursue injunctive relief because as former employees, they do not have a substantial likelihood of injury from Delta's military leave policy. *See, e.g., Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 364-65 (2011) (explaining that former employees who were no longer employed by the defendant "lack[ed] standing to seek injunctive or declaratory relief against its employment practices"); *Reid v. Lockheed Martin Aeronautics Co.*, 205 F.R.D. 655, 665 n.13 (N.D. Ga. 2001) ("Plaintiffs Reid, West, and Sinkfield are no longer employed by Lockheed . . . and do not have standing to seek injunctive relief.").

Instead, Plaintiffs contend that their proposed class representative, Mr. Best, supplies the standing necessary to pursue injunctive relief. The problem, however, is that Plaintiffs' argument collapses two separate inquiries—the threshold inquiry of whether a plaintiff has standing and the Rule 23 analysis of whether a particular person can be appointed as a class representative. *See Griffin v. Dugger*, 823 F.2d 1476, 1482 (11th Cir. 1987) ("Only after the court

determines the issues for which the named plaintiffs have standing should it address the question whether the named plaintiffs have representative capacity, as defined by Rule 23(a), to assert the rights of others."). Even if the Court were to interpret Rule 23 as permitting the appointment of an absent putative class member as a class representative, that does not absolve Plaintiffs of the requirement present in all suits that at least one named plaintiff have standing to pursue the injunctive relief requested. *See Simon v. E. Kentucky Welfare Rts. Org.*, 426 U.S. 26, 40 (1976) ("That a suit may be a class action, however, adds nothing to the question of standing . . . ."); *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1265 (11th Cir. 2009) ("For a district court to certify a class action, the named plaintiffs must have standing[.]" (internal quotations omitted)); *Gilmore v. Ally Financial Inc.*, 2017 WL 1476596, at *7 (E.D.N.Y. 2017) ("Plaintiff cannot assert standing by claiming to be part of a putative class that would, if certified, have an injury because the standing of an individual named plaintiff must be ascertained first."); *see also* 1 Newberg and Rubenstein on Class Actions § 2:3 (6th ed.) ("Simply put, individual standing of a named plaintiff is a prerequisite to bringing a class action.").

As such, the portion of Plaintiffs' motion for class certification that seeks to certify a (b)(2) injunctive class must be denied.

**B. Appointment of Mr. Best as a Class Representative**

The parties do not contest that at least one named Plaintiff has standing to pursue damages against Delta for alleged violations of USERRA. Nevertheless, Delta contends that Mr. Best cannot serve as Plaintiffs' class representative under Rule 23(a) because he is not a named plaintiff in this action. (Doc. 123 at 15-17.) In support of its argument, Delta quotes Eleventh Circuit precedent stating that "a claim cannot be asserted on behalf of a class unless at least one ***named plaintiff*** has suffered the injury that gives rise to that claim." (*Id.* at 15-16 (quoting *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1280 (11th Cir. 2000) (emphasis added)).) Delta also cites a decision from the U.S. District Court for the Central District of California which denied a motion for class certification, like this one, which sought to appoint an absent putative class member as a class representative. *See Miller v. Mercedes-Benz USA LLC*, No. CV 06-05382ABC(JTLX), 2009 WL 1393488, at *1-3 (C.D. Cal. May 15, 2009) (characterizing the plaintiff's request to appoint an absent class member as the class representative as a "bait-and-switch tactic" and denying class certification).

Plaintiffs argue that there is no categorical bar against absent class members being appointed as class representatives and that nothing in Rule 23 suggests that a class representative must be a named plaintiff. (Doc. 126 at 10.) In addition, Plaintiffs note that Rule 23(d) permits class members to intervene in

a class action and cite several out-of-circuit cases where absent class members were appointed as class representatives. (*Id.* at 10-12)

This issue appears to be one of first impression in this circuit and presents a close call. On Plaintiffs' side of the ledger, several federal district courts in other circuits have determined that Rule 23(a) permits the appointment of absent putative class members, who are not named plaintiffs, as class representatives on motions for class certification. *See, e.g.*, *Peterson v. Alaska Commc'ns Sys. Grp., Inc.*, 328 F.R.D. 255, 268 (D. Alaska 2018) ("Rule 23(a) does not explicitly require that a class representative must be a named plaintiff in the action."); *Norwood v. Raytheon Co.*, 237 F.R.D. 581, 588 (W.D. Tex. 2006) (same); *Noble v. 93 Univ. Place Corp.*, 224 F.R.D. 330, 343 n.97 (S.D.N.Y. 2004) (finding that an individual "can serve as the class representative, even though he is not a named plaintiff" because "defendants have not identified, nor has a review of the case law revealed, a requirement that class representatives must sue individually"); *In re Oxford Health Plans, Inc.*, 191 F.R.D. 369, 380-81 (S.D.N.Y. 2000) ("The Court believes on reflection that it probably has the power to designate a Class Representative under Rule 23 who is not a Lead Plaintiff, simply because there is nothing in the statute which prevents it."); *In re Telectronics Pacing Sys., Inc.*, 172 F.R.D. 271, 283 (S.D. Ohio 1997) ("While it seems unusual that a class representative has not sued individually, the Court finds no requirement in Rule

23 that they do so. There is no dispute that the proposed class representative[s] are members of the class. Generally, class members can be passive and are not required to intervene in the class action.").

Despite these out-of-circuit decisions, however, the Court is concerned that appointing an absent class member as the sole class representative at the time of initial certification may be improper. When discussing class certification, the Eleventh Circuit has often framed the appropriate inquiry as whether the "named plaintiff" has standing for the asserted claim and satisfies the requirements of Rule 23. *See Prado-Steiman*, 221 F.3d at 1280 ("[A] claim cannot be asserted on behalf of a class unless at least one *named plaintiff* has suffered the injury that gives rise to that claim." (quoting *Griffin*, 823 F.2d at 1483 (emphasis added)); *Vega*, 564 F.3d at 1265 ("For a district court to certify a class action, the *named plaintiffs* must have standing, and the putative class must meet each of the requirements specified in Federal Rule of Civil Procedure 23(a), as well as at least one of the requirements set forth in Rule 23(b)." (internal quotation omitted) (emphasis added)); *Piazza v. Ebsco Indus., Inc.*, 273 F.3d 1341, 1346 (11th Cir. 2001) ("The[ ] four requirements [set forth in Rule 23(a)] . . . are designed to limit class claims to those 'fairly encompassed' by the *named plaintiffs'* individual claims." (quoting *Gen. Tel. Co. of S.W. v. Falcon*, 457 U.S. 147, 156 (1982)) (emphasis added)). Although none of the cited decisions

expressly address the issue of whether an absent putative class member can be appointed as a class representative, the Court nevertheless gives weight to the language used by the Eleventh Circuit.

Moreover, the Court is unpersuaded by Plaintiffs' argument that nothing in Rule 23(a) suggests that a class representative must be a named plaintiff in a lawsuit. Specifically, the Court is concerned that the language of Rule 23(a) indicates that only a *party* to a lawsuit may be appointed as a class representative. Rule 23(a) provides that "one or more members of a class may *sue* . . . as representative *parties* on behalf of all members" if certain requirements are satisfied. Fed. R. Civ. P. 23(a) (emphasis added).

Notably, the Eleventh Circuit has determined, referring in part to Rule 23(a), that the "the ordinary legal meaning of 'parties' exclude[s] absent class members." *Day v. Persels & Assocs., LLC,* 729 F.3d 1309, 1318 (11th Cir. 2013). In *Day v. Persels & Associates, LLC*, the Eleventh Circuit confronted the question of whether absent class members were "parties" whose consent was required for a magistrate judge to enter final judgment under the Federal Magistrates Act. *Id.* at 1317; *see* 28 U.S.C. § 636(c)(1) ("Upon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case[.]"). Among

other sources of authority, the *Day* Court relied on the definition of a "party" in *Black's Law Dictionary* to classify absent class members as nonparties:

> The fifth edition of *Black's Law Dictionary,* published the same year that Congress added the relevant language, explained that "[a] 'party' to an action is a person whose name is designated on record as plaintiff or defendant." *Black's Law Dictionary* 1010 (5th ed. 1979). *Black's Law Dictionary* also made clear that the term "party" "[i]n general, means one having the right to control proceedings, to make defense, to adduce and cross-examine witnesses, and to appeal from judgment," and that "party" "refers to those by or against whom a legal suit is brought." *Id.* Absent class members are not designated on record as a plaintiff or defendant. Absent class members also ordinarily lack the power to control proceedings.

*Day,* 729 F.3d at 1317. Of particular significance here, the Court cited Rule 23(a) in reasoning that a class action "suit is not brought 'by or against' absent class members" but "[i]nstead" by "representative parties[.]" *Id.* at 1317 (quoting Fed. R. Civ. P. 23(a)). The Eleventh Circuit further noted that "[i]n the absence of class members as parties, the class representative, *who is a named plaintiff*, must 'purport to act on behalf of all.'" *Id.* at 1318 (quoting Restatement (First) of Judgments § 86, cmt. b (1942)) (emphasis added). While *Day* answered a question different from the one presented here, the Court considers it prudent to proceed with caution given the Eleventh Circuit's above-quoted language and the lack of definitive precedent in this area. The Court's course of action set forth below—permitting Plaintiffs leave to amend to add Mr. Best as a named plaintiff—will

eliminate an unnecessary procedural quandary in a case with no shortage of thorny legal issues.

Finally, even if Mr. Best could be appointed as the class representative for the damages class sought by Plaintiffs under Rule 23(b)(3), as explained earlier, the Court would still be precluded from addressing the merits of Plaintiffs' motion to certify an injunctive class under Rule 23(b)(2) due to a lack of standing. Judicial economy favors resolving the merits of certifying a Rule 23(b)(2) and 23(b)(3) class in a single order. Accordingly, the Court will also deny without prejudice the portion of Plaintiffs' motion that seeks to certify a (b)(3) damages class.

**C. Leave to Amend the Complaint**

In light of its denial of Plaintiffs' motion to certify a class on procedural grounds, the Court exercises its discretion to grant Plaintiffs leave to amend the complaint for the limited purpose of adding Mr. Best as a named plaintiff and including a request for injunctive relief.

The scheduling order in this case did not set a deadline for amendment of the complaint, (*see* Doc. 57), so any request for leave to amend is considered under Federal Rule of Civil Procedure 15(a). Rule 15(a)(2) provides that a court should "freely" give leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). Although a discretionary decision, the Eleventh Circuit has stated

that "district courts should generally exercise their discretion in favor of allowing amendments to reach the merits of a dispute." *Pinnacle Adver. & Mktg. Grp. Inc. v. Pinnacle Adver. & Mktg. Grp., LLC*, 7 F.4th 989, 1000 (11th Cir. 2021); *see also Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court's discretion to dismiss a complaint without leave to amend is severely restricted by Fed. R. Civ. P. 15(a)[.]" (cleaned up)). Under Rule 15(a), a district court need not give leave to amend: "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Id.* (cleaned up).

None of those exceptions are present here. First, Plaintiffs represent that Mr. Best first contacted counsel for Plaintiffs on June 2, 2023, and that Plaintiffs notified Delta of their intent to propose Mr. Best as a class representative on June 9, 2023. (Barton Decl., Doc. 126-1 ¶¶ 2-4.) Plaintiffs then filed their motion for class certification June 12, 2023. (Doc. 118.) Although Plaintiffs' motion for class certification has remained pending for an extended period of time, that is due to the Court's significant volume of cases and its consideration of the complex issues presented in this matter, not due to any delay caused by the parties. *See Bryant*, 252 F.3d at 1164 ("The lengthy nature of litigation, without any other evidence

of prejudice to the defendants or bad faith on the part of the plaintiffs, does not justify denying the plaintiffs the opportunity to amend their complaint.”).

Second, the Court does not find that granting leave to amend would prejudice Delta. To the extent that Delta contends that it was harmed by a lack of opportunity to obtain discovery with respect to Mr. Best before it responded to Plaintiffs’ motion for class certification, the Court has eliminated any prejudice that may have been present. Following the evidentiary hearings on Plaintiffs’ motion for class certification, the Court reopened discovery to permit Delta to depose Mr. Best and seek written discovery related to him. (Doc. 149, 153.) The parties have also submitted supplemental briefing as to Mr. Best’s adequacy as a class representative. (Doc. 170, 171.) Delta therefore had a fulsome opportunity to investigate Mr. Best’s appropriateness as a class representative and raise any arguments that he does not satisfy Rule 23’s requirements. Permitting Plaintiffs to amend their complaint to add Mr. Best as a named Plaintiff will not require additional discovery, and likely will not require substantial further briefing, if any. *See Loggerhead Turtle v. Cnty. Council of Volusia Cnty.*, 148 F.3d 1231, 1257 (11th Cir. 1998) (“Any amendment to an original pleading necessarily involves *some* additional expense to the opposing party.”).

Under these circumstances, the Court finds no undue delay, bad faith, or dilatory motive on the part of Plaintiffs, or any undue prejudice to Delta. Moreover, having thoroughly reviewed the matter, the Court does not consider Plaintiffs' motion to certify an injunctive and damages class with Mr. Best as the class representative to be futile. Plaintiffs will therefore be granted leave to amend the complaint for the limited purpose of adding Mr. Best as a named plaintiff and including a request for injunctive relief.

Because any renewed motion for class certification is likely to raise the same issues as those previously briefed—aside from those concerning the propriety of appointing an absent putative class member as a class representative—the parties are permitted to incorporate by reference and/or rely solely on their original briefing if they so choose. The Court recognizes that this case has been pending for a considerable length of time as it has weighed both the procedural aspects and merits of Plaintiffs' original motion to certify a class. If a renewed motion to certify a class is filed, the Court is prepared to resolve it expeditiously.

## III. Conclusion

For the foregoing reasons, Plaintiffs' motion to certify a class (Doc. 118) is **DENIED without prejudice**. Within 21 days of the entry of this order, Plaintiffs may (1) amend the complaint for the limited purpose of adding Mr. Best as a named plaintiff and including a request for injunctive relief, and (2) file a renewed motion for class certification. In any renewed motion for class certification, Plaintiffs may incorporate by reference and/or rely solely on their briefing in support of their original motion to certify a class. (*See* Doc. 118, 126, 143, 147, 169, 171, 178.) Likewise, in response to any renewed motion for class certification, Defendant may incorporate by reference and/or rely solely on its briefing in opposition of Plaintiffs' original motion to certify a class. (*See* Doc. 123, 170, 177, 179.)

**SO ORDERED**, this 22nd day of December, 2025.

SARAH E. GERAGHTY
United States District Judge