**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **PATRICK HALEY, RANDAL REEP, and BENJAMIN BEST, on behalf of themselves and all others similarly situated,**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**DELTA AIRLINES, INC.**<br><br>**Defendant.** | **Civil Action No. 1:21-CV-01076-SEG** |

**DEFENDANT DELTA AIR LINES, INC.'S ANSWER**
**TO PLAINTIFFS' SECOND AMENDED CONSOLIDATED COMPLAINT**

Defendant Delta Air Lines, Inc. ("Delta" or "Defendant"), by its attorneys and pursuant to Federal Rules of Civil Procedure 8 and 12, answers the Second Amended Consolidated Complaint ("2ACC") filed on December 29, 2025 (Doc. 182) by Plaintiffs Patrick Haley ("Haley"), Randal Reep ("Reep"), and Benjamin Best ("Best") (collectively "Plaintiffs") as follows:

1.

Delta admits that the 2ACC purports to assert a claim under the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301 *et. seq.* ("USERRA") but denies that it states any cause of action under USERRA

1

and denies that Delta has violated USERRA. Delta also admits that the 2ACC includes class allegations purportedly on behalf of current and former employees of Delta, including any employees of entities that merged or combined with Delta, who took short-term military leave (which Plaintiffs define as leave of 30 days or less) from their employment with Delta that is not paid. Delta denies that any such putative class can be certified and denies that it has violated USERRA with respect to any such persons. Delta denies the remaining allegations set forth in Paragraph 1 of the 2ACC.

2.

Delta denies the allegations set forth in Paragraph 2 of the 2ACC.

3.

Delta denies the allegations set forth in Paragraph 3 of the 2ACC.

4.

Delta denies the allegations set forth in Paragraph 4 of the 2ACC.

5.

Delta denies the allegations set forth in Paragraph 5 of the 2ACC.

6.

Delta admits that the 2ACC purports to seek a declaration that Delta violated 38 U.S.C. § 4316(b) by failing to provide paid leave to Plaintiffs and members of

2

the purported class during periods of short-term military leave and an order requiring Delta to provide Plaintiffs and members of the Class the pay they purportedly should have earned during their periods of short-term military leave.  Delta denies that Plaintiffs or any member of the purported class are entitled to any such declaration or order and denies that Delta has violated 38 U.S.C. § 4316(b) or any other provision of USERRA.  Delta denies the remaining allegations set forth in Paragraph 6 of the 2ACC.

7.

Delta admits the allegations set forth in Paragraph 7 of the 2ACC.

8.

Delta admits the allegations set forth in Paragraph 8 of the 2ACC.

9.

Delta admits that Best is a current employee of Delta and that he has been employed by Delta since 2014.  Delta admits that his base is Detroit.  Delta is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 9 and therefore denies them.

10.

Delta admits that Haley was formerly employed by Delta as a Performance Leader in Delta's Cargo Division.  Delta admits that, in 1995, Haley was hired by

Northwest Airlines Corp. ("Northwest") and continued to be employed by Northwest at Minneapolis-St. Paul International Airport. Delta admits that, in 2008, Delta entered into a merger agreement with Northwest. Delta admits that, effective on or about October 12, 2009, Haley was employed by Delta as a Performance Leader at Seattle-Tacoma International Airport. Delta is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations that Haley currently resides in Seattle, Washington, and accordingly denies those allegations. Delta denies the remaining allegations set forth in Paragraph 10 of the 2ACC.

11.

Delta admits that, on April 16, 1998, Reep was hired by Delta as a pilot. Delta admits that, after an initial training period in Atlanta, Reep was first based at Orlando International Airport. Delta admits that, from 2005 until his 2016 termination, Reep was based at Hartsfield-Jackson Atlanta International Airport. Upon information and belief, Delta admits the allegation that Reep currently resides in Florida. Delta denies the remaining allegations set forth in Paragraph 11 of the 2ACC.

12.

Delta admits that it is a publicly traded company with its headquarters in Atlanta, Georgia. Delta admits that it has served as many as 200 million passengers

4

in a year. Because the 2ACC does not define the word "largest," Delta is without information to determine the truth or falsity of the allegations that Delta is the second largest airline in the world, and accordingly denies those allegations. Delta admits that it entered into a merger agreement with Northwest in 2008. Delta admits that it initially operated Northwest as a wholly-owned subsidiary of Delta. Delta admits that Delta's and Northwest's operating certificates merged on December 31, 2009. Delta denies the remaining allegations set forth in Paragraph 12 of the 2ACC.

13.

Delta admits that the Plaintiffs purport to assert class claims under Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3) on behalf of classes defined in Paragraph 13 of the 2ACC. Delta denies that Plaintiffs can pursue class claims on behalf of either described class or any other class under any provision of Fed. R. Civ. P. 23 or otherwise and denies that the 2ACC states any class claim that can be certified or any class claim that states a cause of action. Delta otherwise denies Paragraph 13 of the 2ACC.

14.

Delta admits that there are thousands of former or current Delta pilots who have taken a military leave of absence from Delta ("MLOA"). Delta admits that it

has employed hundreds of pilots who are also members of the uniformed services. Delta denies the remaining allegations set forth in Paragraph 14 of the 2ACC.

15.

Delta admits that it maintains operations in every State, the District of Columbia, and Puerto Rico.  Because the phrase "geographically dispersed across the county" is vague and ambiguous, Delta denies the remaining allegations set forth in Paragraph 15 of the 2ACC.

16.

Delta denies the allegations set forth in Paragraph 16 of the 2ACC.

17.

Delta denies the allegations set forth in Paragraph 17 of the 2ACC and denies the allegations set forth in subparts (a) through (d) inclusive in Paragraph 17 of the 2ACC.

18.

Delta denies the allegations set forth in Paragraph 18 of the 2ACC.

19.

Delta denies the allegations set forth in Paragraph 19 of the 2ACC.

20.

Delta denies the allegations set forth in Paragraph 20 of the 2ACC.

6

21.

Delta denies the allegations set forth in Paragraph 21 of the 2ACC.

22.

Delta denies the allegations set forth in Paragraph 22 of the 2ACC.

23.

Delta denies the allegations set forth in Paragraph 23 of the 2ACC.

24.

Delta denies the allegations set forth in Paragraph 24 of the 2ACC.

25.

Delta denies the allegations set forth in Paragraph 25 of the 2ACC.

26.

Delta denies the allegations set forth in Paragraph 25 of the 2ACC.

27.

Because the phrase "significant experience" is vague and ambiguous, Delta denies the allegations set forth in Paragraph 27 of the 2ACC.

28.

Delta denies the allegations set forth in Paragraph 28 of the 2ACC.

29.

Delta denies the allegations set forth in Paragraph 29 of the 2ACC.

30.

Delta denies the allegations set forth in Paragraph 30 of the 2ACC.

31.

Delta denies the allegations set forth in Paragraph 31 of the 2ACC.

32.

Delta denies the allegations set forth in Paragraph 32 of the 2ACC.

33.

Delta denies the allegations set forth in Paragraph 33 of the 2ACC.

34.

Delta denies the allegations set forth in Paragraph 34 of the 2ACC.

35.

Delta denies the allegations set forth in Paragraph 35 of the 2ACC.

36.

Delta is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 36 of the 2ACC.

37.

Delta is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 37 of the 2ACC.

38.

Delta is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that, from 2014 through the present, including during his employment at Delta, Best was required to perform military service which was covered by USERRA and, in doing so, engaged in military service that qualified as service in the uniformed services within the meaning of USERRA, 38 U.S.C. § 4303(13), and accordingly denies those allegations. Delta is also without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that, throughout his employment with Delta, Haley took short-term military leave in order to serve in the National Guard and perform his obligations to the National Guard, and accordingly denies those allegations. Because the phrase "few days" is vague and ambiguous, Delta denies the remaining allegations set forth in Paragraph 38 of the 2ACC.

39.

Delta denies the allegations set forth in Paragraph 39 of the 2ACC.

40.

Delta is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 40 of the 2ACC.

41.

Delta is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that, from 1991 until October 2020, including during his employment at Northwest and Delta, Haley was required to perform military service which was covered by USERRA and, in doing so, engaged in military service that qualified as service in the uniformed services within the meaning of USERRA, 38 U.S.C. § 4303(13), and accordingly denies those allegations. Delta is also without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that, throughout his employment with Northwest and then Delta, Haley took short-term military leave in order to serve in the Air Force Reserve and perform his obligations to the U.S. Air Force, and accordingly denies those allegations. Because the phrase "few days" is vague and ambiguous, Delta denies the remaining allegations set forth in Paragraph 32 of the 2ACC.

42.

Delta denies the allegations set forth in Paragraph 42 of the 2ACC.

43.

Delta admits that Reep was enlisted in the Florida Air National Guard on March 10, 1998, and was commissioned and trained as an F-15 pilot. Upon

information and belief, Delta also admits that Reep retired from the Florida Air National Guard in May 2025 with the rank Lieutenant Colonel.

44.

Delta admits that, during his Delta employment, Reep took some, but not all, MLOAs that were protected by USERRA and that qualified as service in the uniformed services within the meaning of 38 U.S.C. § 4303(13).  Because the phrase "few days" is vague and ambiguous, Delta denies the allegations that Reep's MLOAs were most commonly "only a few days."  Delta denies the remaining allegations set forth in Paragraph 44 of the 2ACC.

45.

Delta denies the allegations set forth in Paragraph 45 of the 2ACC.

46.

Delta denies the allegations set forth in Paragraph 46 of the 2ACC.

47.

Delta denies the allegations set forth in Paragraph 47 of the 2ACC.

48.

Delta admits that Paragraph 48 of the 2ACC includes a correct partial quotation of 38 U.S.C. § 4316(b)(1).  Delta denies that Paragraph 48 fully quotes

that provision and thus otherwise denies the allegations set forth in Paragraph 48 of the 2ACC.

49.

Delta denies that 38 U.S.C. § 4303(2) makes specific or express reference to 38 U.S.C. § 4316(b)(1)(B). Delta admits that Paragraph 49 of the 2ACC includes a correct partial quotation of 38 U.S.C. § 4303(2). Delta denies that Paragraph 49 fully quotes that provision and thus otherwise denies the allegations set forth in Paragraph 49 of the 2ACC.

50.

Delta denies the allegations set forth in Paragraph 50 of the 2ACC.

51.

Delta admits that the Department of Labor has a regulation (20 C.F.R. § 1002.150) that addresses in part 38 U.S.C. § 4316(b)(1)(B), and Delta avers that that regulation speaks for itself. Delta otherwise denies the allegations set forth in Paragraph 51 of the 2ACC.

52.

Delta admits that Paragraph 52 of the 2ACC includes a correct partial quotation of only the first sentence of 20 CFR § 1002.150(b). Delta denies that

12

Paragraph 52 of the 2ACC fully quotes that regulation and thus otherwise denies the allegations set forth in Paragraph 52 of the 2ACC.

53.

Delta admits that Paragraph 53 of the 2ACC includes some phrases that are included in 20 CFR § 1002.150(b) but does not include all of the terms of that regulation, and Delta avers that that regulation speaks for itself. Delta otherwise denies the allegations set forth in Paragraph 53 of the 2ACC.

54.

Delta denies the allegations set forth in Paragraph 54 of the 2ACC.

55.

Delta denies the allegations set forth in Paragraph 55 of the 2ACC.

56.

Delta denies the allegations set forth in Paragraph 56 of the 2ACC.

57.

Delta avers that the terms of 38 U.S.C. § 4317(a)(2), 38 U.S.C. § 4312(e)(1)(A)(i), and 38 U.S.C. § 4316(c)(2) speak for themselves. Because the phrase "commonly referred to" is vague and ambiguous, without context, and does not permit a precise response, Delta denies the allegation that Military Leave of 30

days or fewer is commonly referred to as "short-term."  Delta otherwise denies the allegations set forth in Paragraph 57 of the 2ACC.

58.

Delta denies the allegations set forth in Paragraph 58 of the 2ACC.

59.

Because the words and phrases "generally," "commonly," and "few days" are vague and ambiguous and do not permit a precise response, Delta denies the allegations set forth in Paragraph 59 of the 2ACC.

60.

Delta denies the allegations set forth in Paragraph 60 of the 2ACC.

61.

Delta denies the allegations set forth in Paragraph 61 of the 2ACC.

62.

Delta denies the allegations set forth in Paragraph 62 of the 2ACC.

63.

Delta denies the allegations set forth in Paragraph 63 of the 2ACC.

64.

Delta denies the allegations set forth in Paragraph 64 of the 2ACC.

65.

Delta denies the allegations set forth in Paragraph 65 of the 2ACC.

66.

Delta denies the allegations set forth in Paragraph 66 of the 2ACC.

67.

Because the words and phrases "ordinarily," "normally," "some flexibility," and "generally" are vague and ambiguous and do not permit a precise response, Delta denies the allegations set forth in Paragraph 67 of the 2ACC.

68.

Because the words and phrases "generally," "personal affairs," and "little choice" are vague and ambiguous and do not permit a precise response, Delta denies the allegations set forth in Paragraph 68 of the 2ACC.

69.

Because the words and phrases "generally," "normally," and "some flexibility" are vague and ambiguous and do not permit a precise response, Delta denies the allegations set forth in Paragraph 69 of the 2ACC using one or more of

those words or phrases and denies the remaining allegations set forth in Paragraph 69 of the 2ACC.

70.

Delta hereby repeats and incorporates the responses to the allegations set forth in Paragraphs 1-69 of the 2ACC as if fully set forth herein.

71.

Delta admits that Paragraph 71 of the 2ACC includes a correct partial quotation of 38 U.S.C. § 4316(b)(1). Delta denies that the quotation fully quotes that provision and otherwise denies the allegations set forth in Paragraph 71 of the 2ACC.

72.

Delta denies the allegations set forth in Paragraph 72 of the 2ACC.

73.

Delta denies the allegations set forth in Paragraph 73 of the 2ACC.

74.

Delta denies the allegations set forth in Paragraph 74 of the 2ACC.

75.

Delta denies the allegations set forth in Paragraph 75 of the 2ACC.

76.

Delta denies the allegations set forth in Paragraph 76 of the 2ACC.

77.

Delta denies the allegations set forth in Paragraph 77 of the 2ACC.

78.

Delta denies the allegations set forth in Paragraph 78 of the 2ACC.

79.

Delta denies the allegations set forth in Paragraph 79 of the 2ACC.

80.

Delta denies the allegations set forth in Paragraph 80 of the 2ACC.

## RESPONDING TO ALL ALLEGATIONS

Delta denies each and every allegation of the 2ACC that is not expressly admitted above.

## PRAYER FOR RELIEF

In response to the "WHEREFORE" paragraphs of the 2ACC, Delta admits that Plaintiffs seek the relief enumerated therein but denies that Plaintiffs or any

putative class member has stated a cognizable claim that would entitle any of the Plaintiffs or any purported class member to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs' 2ACC fails to state a cause of action for which relief can be granted.

### SECOND DEFENSE

The Court lacks subject matter jurisdiction over some of the claims in the 2ACC.

### THIRD DEFENSE

Some or all of the claims in the 2ACC are barred by Delta's bankruptcy discharge.

### FOURTH DEFENSE

Some or all of the claims in the 2ACC are barred by Northwest's bankruptcy discharge.

### FIFTH DEFENSE

Pursuant to the Railway Labor Act, 45 U.S.C. §§ 181 *et. seq.* ("RLA"), the claims of Plaintiffs and the putative class members, in whole or in part, are preempted, precluded, and/or superseded, and the 2ACC does not vest subject matter jurisdiction in this Court and does not state a claim upon which relief can be granted.

18

## SIXTH DEFENSE

The claims of Plaintiffs and the putative class members are, in whole or in part, barred by the doctrine of estoppel.

## SEVENTH DEFENSE

The claims of Plaintiffs and the putative class members are, in whole or in part, barred by the doctrine of laches.

## EIGHTH DEFENSE

The claims of Plaintiffs and the putative class members are, in whole or in part, barred by the doctrine of unclean hands.

## NINTH DEFENSE

The claims of Plaintiffs and the putative class members are or will be, in whole or in part, barred by the doctrines of *res judicata*, claim preclusion, collateral estoppel, and/or issue preclusion to the extent that Plaintiffs, any putative class member, or other putative beneficiary of this action, asserted, or could have asserted, those claims in any prior legal, administrative, or grievance proceeding.

## TENTH DEFENSE

Plaintiffs are not entitled to maintain this lawsuit as a class action because they cannot establish the elements of Federal Rule of Civil Procedure 23.

## ELEVENTH DEFENSE

To the extent Plaintiffs or any putative class member failed to mitigate his or her alleged damages, his or her recovery, if any, must be reduced accordingly.

## TWELFTH DEFENSE

Delta has at all times acted in good faith regarding the matters alleged in the 2ACC, and assuming Plaintiffs *arguendo* could prove any violation in the 2ACC, any such violation was not willful.

## THIRTEENTH DEFENSE

Some of the forms of relief sought by Plaintiffs in the 2ACC are not available under the causes of action upon which the 2ACC is premised.

WHEREFORE, Defendant respectfully submits that Plaintiffs' 2ACC, including all individual and class claims, should be dismissed in its entirety with prejudice and that Defendant should be awarded its costs, attorneys' fees, and any other relief this Court deems appropriate.

[*signatures on following page*]

20

**TROUTMAN PEPPER
LOCKE LLP**

*/s/ Bianca N. DiBella*

Lindsey B. Mann
Georgia Bar No. 431819
Bianca N. DiBella
Georgia Bar No. 820341
600 Peachtree Street, N.E.
Suite 3000
Atlanta, Georgia 30308
T: (404) 885-3000
F: (404) 885-3900
lindsey.mann@troutman.com
bianca.dibella@troutman.com

**NELSON MULLINS
RILEY & SCARBOROUGH LLP**

James A. Washburn
Georgia Bar No. 738845
201 17th Street, N.W.
Suite 1700
Atlanta, Georgia 30363
T: (404) 322-6131
F: (404) 322-6050
james.washburn@nelsonmullins.com

*Attorneys for Defendant Delta Air
Lines, Inc.*

21

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D) of the Local Rules for the United States District Court for the Northern District of Georgia, I hereby certify that the foregoing has been prepared in Times New Roman, 14-point font, as permitted by Local Rule 5.1.

This 12th day of January, 2026.

*/s/ Bianca N. DiBella*
Bianca N. DiBella
Georgia Bar No. 820341

## CERTIFICATE OF SERVICE

This is to certify that I have this 12th day of January, 2026, electronically filed the foregoing **DEFENDANT DELTA AIR LINES, INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED CONSOLIDATED COMPLAINT** with the Clerk of Court using the CM/ECF system which will automatically serve notification of such filing to all counsel of record in this matter.

*/s/ Bianca N. DiBella*
Bianca N. DiBella
Georgia Bar No. 820341

23