**UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| PATRICK HALEY, RANDAL REEP, individually and BENJAMIN BEST, individually and on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DELTA AIR LINES, INC.,<br><br>Defendant. | Civil Action No. 1:21-cv-01076-SEG |

**DEFENDANT DELTA AIR LINES, INC.'S RESPONSE IN OPPOSITION
TO PLAINTIFFS' RENEWED MOTION FOR CLASS CERTIFICATION**

## INTRODUCTION

In response to the Court's December 22, 2025 Order denying Plaintiffs' original class certification motion, *see* ECF 181, Plaintiffs filed their Second Amended Consolidated Complaint on December 29, 2025, adding Benjamin Best ("Best") as a named plaintiff, including a request for injunctive relief, and amending the proposed classes they seek to certify. *See* ECF 182. In their renewed motion for class certification (the "Renewed Motion"), Plaintiffs now seek to certify two classes, with only Best as their proposed class representative: a *damages class*, including all current and former pilots who work or worked for Delta in the U.S. or its territories or possessions who took short-term military leave (i.e., a military leave of 30 consecutive days or less) from April 30, 2007 to the date of judgment, as reflected by Delta's military leave data ("Damages Class"); and an *injunction class*, consisting of all pilots currently employed by Delta who are also currently members of the uniformed services ("Injunction Class"). ECF 183 at 1; *see also* ECF 182 at ¶ 13. Because Plaintiffs have failed to satisfy the requirements for certification of either putative class, the Renewed Motion must be denied.

Plaintiffs advance virtually the same arguments as in their previous certification motion. As Delta explained in its prior briefing, *see* ECF 123, 170, 177, 179, and herein, Plaintiffs have failed to meet their burden of establishing each of the requirements under Federal Rule of Civil Procedure 23. First, under Rule 23(a),

Best is both atypical and an inadequate class representative; the record confirms Best's repeated and blatant disregard of the requirements of Uniform Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301 et seq. ("USERRA") by deliberately failing to provide requisite advance notice of his military leave to Delta. Best's conduct gives rise to defenses unique to him, rendering him unable to state a claim pursuant to USERRA, and creates conflicts among the putative class. Likewise, the class is not ascertainable; Best's testimony and other evidence in the record reveal that class-wide proof is unavailable to determine whether any particular leave qualifies under Plaintiffs' definition of a short-term military leave ("STML") or whether advance notice was provided for any particular leave. And for the reasons set forth in Delta's prior briefing, *see* ECF 123, 170, 177, 179, and herein, Plaintiffs cannot establish the predominance of common issues, as required by Rule 23(b)(3), or the enforceability of their putative injunction, as required by Rule 23(b)(2).

Pursuant to the Court's December 22, 2025 Order, *see* ECF 181, rather than re-state all of its arguments in full herein, Delta incorporates by reference and relies on its prior briefing in opposition of Plaintiffs' original motion to certify in addressing Plaintiffs' Renewed Motion. *See* ECF 123, 170, 177, 179. Delta submits this further response in opposition to address Plaintiffs' new arguments and case

law, and to further clarify issues raised by the parties and Court in the class certification hearings.

**ARGUMENT AND CITATION OF AUTHORITY**

**I.     Plaintiffs Have Failed to Satisfy the Requirements of Rule 23(a) and Ascertainability.**

Delta incorporates by reference and relies on its prior arguments regarding typicality, adequacy, commonality, and ascertainability. *See* ECF 123 at §§ I, III–V; ECF 170 at § I; ECF 177; ECF 179. Delta will not restate its arguments with respect to typicality and adequacy that it made in its Supplemental Response in Opposition to Plaintiffs' Motion for Class Certification, ECF 170, with respect to Best's atypicality and inadequacy as a class representative, based on his repeated and blatant deliberate violations of notice requirements under USERRA and Delta's leave policies. This conduct renders him subject to defenses unique to him and creates conflicts within the putative class. ECF 170 at § I.

Moreover, Plaintiffs are still faced with the same fatal issues now as originally briefed: significant individualized proof is required to establish most or all of the elements of each class member's claims, and, thus, Plaintiffs' claims are not suitable for class certification. *See* ECF 123 at §§ I, III, V; ECF 170, 177, 179. Best is unable to establish, using common proof, the method and timing of how and when he or putative class members generally receive notice from the military, which of each period of military service for each putative class member is 30 days

-3-

or less, and the USERRA comparability factors.  *See* ECF 123 at §§ I, III, V; ECF 170, 177, 179.  For example, the court in *Shuford v. Conway*, 326 F.R.D. 321, 326 (N.D. Ga. 2018), considered an inmate class action where the plaintiffs claimed that the prisons were inappropriately using excessive force in restraining them.  The court found that "each decision to restrain (and use force against) an inmate is individualized (case-by-case), based on the circumstances present and that there are a variety of reasons for using the force[, and] [t]he record also shows that not all restraints/uses of force were approved by the same supervisor."  *Id.* at 333–34. Accordingly, the court held that commonality was not satisfied because such "absence of uniformity of the circumstances under which the restraints/use of force happened" provided no common answer to the common question of "why was the inmate restrained."  *Id.* at 334.[1]

---

[1] In their Renewed Motion, Plaintiffs cite to a recent decision, *Jackson v. Athena Bitcoin, Inc.*, No. 4:24-cv-331, 2025 WL 2237453, at *4 (N.D. Fla. June 18, 2025), in support of their argument that the commonality requirement can be met where at least some issues are capable of classwide resolution.  *See* ECF 183 at 6.  In *Jackson*, the plaintiffs alleged violations of the Telephone Consumer Protection Act of 1991 ("TCPA") and the Florida Telephone Solicitation Act ("FTSA") regarding defendants' operation of ATMs in which customers may purchase cryptocurrencies. 2025 WL 2237453, at *1.  In certifying the class, the court stated that "it is satisfied that some, if not all, of these [TCPA and FTSA] issues are capable of classwide resolution[, and] it is persuasive that other district courts in this Circuit have found some of these issues [that relate to TCPA and FTSA, specifically] satisfy Rule 23(a)'s commonality requirement."  *Id.* at *4.  However, as to USERRA violations at issue here, a reservist's control over when to take leave and the frequency and duration of such leave are all individual questions "*not* susceptible to a common

Similarly, here, Plaintiffs cannot demonstrate any uniformity of the circumstances under which putative class members did or did not give notice and whether a leave is a STML, and, thus, there are no common answers or questions in this case.  As the court recently held in *Scanlan v. American Airlines Grp., Inc.*, 795 F. Supp. 3d 665, 676 (E.D. Pa. 2025), and as Delta has already briefed, *see* ECF 177, 179, disparities among class members with respect to the duration of leaves from the average length of "short term" military leave "cannot support the existence of a critical common question for class action treatment under Rule 23(a)."  A reservist's control over when to take leave and the frequency and duration of such leave are individual questions "not susceptible to a common answer for all pilots."  *Scanlan*, 795 F. Supp. 3d at 678; *see also* ECF 177, 179.  The record here reflects similar individual questions persist for the members of the putative class as well.  *See, e.g.*, ECF 123 at 13–19; ECF 170 at 8–15.

Finally, Plaintiffs' citation of *Davis v. United Bank Corp. Ret. Plan Comm.*, No. 5:24-cv-328, 2025 WL 3142143 (M.D. Ga. Nov. 7, 2025), does not advance their argument that ascertainability is not a requirement for certification of a (b)(2) class.  *See* ECF 183 at 4 n.3.  While the Eleventh Circuit has not expressly ruled on ascertainability's place in the (b)(2) analysis, many district courts in the Eleventh

---

answer for all pilots."  *Scanlan v. American Airlines Grp., Inc.*, 795 F. Supp. 3d 665, 676 (E.D. Pa. 2025) (emphasis added).

Circuit, particularly in the Northern District, have held that ascertainability must be considered in analyzing certification under either (b)(2) or (b)(3). *See, e.g.*, *Benjamin v. Oliver*, 800 F. Supp. 3d 1314, 1341–42 (N.D. Ga. 2025) (explaining that when seeking only to certify a (b)(2) class, a "threshold requirement…implicit in the [Rule 23] analysis" is that plaintiff must demonstrate the proposed class is "adequately defined and clearly ascertainable") (internal citations omitted); *Doe v. MG Freesites, LTD*, 707 F. Supp. 3d 1157, 1169 (N.D. Ala. 2023) (holding that when seeking to certify a (b)(2) and (b)(3) class, "class representative must do three things: 1) satisfy an implied ascertainability requirement, 2) show that the class meets each of the requirements specified in Rule 23(a), and 3) show that the class falls under at least one of Rule 23(b)'s categories of class actions"); *Shuford*, 326 F.R.D. at 329 (same).

Neither Plaintiffs' Damages Class nor Injunction Class is ascertainable because there is no feasible way to determine which of the more than 119,285 periods of alleged STMLs in Delta's data are actually STMLs under Plaintiffs' definition using objective criteria. *See* ECF 123 at § IV; ECF 170 at § I. Because Best is unable to satisfy the typicality, adequacy, and commonality requirements of Rule 23(a) or establish the ascertainability of either class, the Court must deny Plaintiffs' Renewed Motion for these reasons alone.

## II.    Plaintiffs Have Failed to Satisfy the Requirements of Rule 23(b)(3).

Delta incorporates by reference and relies on its prior arguments regarding Plaintiffs' proposed Damages Class.  *See* ECF 123 at §§ I, V; ECF 170 at § II; ECF 177; ECF 179.  As Delta has explained, Plaintiffs have failed to present a damages model sufficient to show that damages can be calculated on a class-wide basis and that fits Plaintiffs' theory of liability.  *See* ECF 123 at § V; ECF 170 at § II.  Indeed, there is no class-wide proof sufficient to establish whether advance notice was provided for any of the given leaves, nor is there class-wide proof to determine which periods of military leave qualify as STML.  *See* ECF 123 at § V; ECF 170 at § II. The Eleventh Circuit has made clear that "[i]t is [Plaintiff's] burden to prove that common issues predominate over individualized ones…[and] to show that the damages issue is *capable* of class-wide resolution."  *Schultz v. Emory Univ.*, No. 23-12929, 2024 WL 4534428, at *6 (11th Cir. Oct. 21, 2024).[2]

Plaintiffs cite for the first time *Brill v. AK Steel Corp.*, No. 2:09-cv-534, 2012 WL 893902, at *12 (S.D. Ohio Mar. 14, 2012), to argue that Delta's records can be used to calculate damages on a class-wide basis.  *See* ECF 183 at 22 & n.11.  The

---

[2] While it is true that "the presence of individualized damages issues does not prevent a finding that the common issues in the case predominate," this rule "has always been subject to exceptions."  *Brown v. Electrolux Home Prods., Inc.*, 817 F.3d 1225, 1239–40 (11th Cir. 2016).  "[I]ndividual damages defeat predominance if computing them 'will be so complex, fact-specific, and difficult that the burden on the court system would be simply intolerable.'"  *Id.* at 1240 (citing *Klay v. Humana, Inc.*, 382 F.3d 1241, 1260 (11th Cir. 2004)).

holding and analysis in *Brill* supports Delta's position.  There, the court considered a motion for summary judgment on an *individual* USERRA claim where the plaintiff was seeking backpay for certain military leaves.  2012 WL 893902, at *12. The court explained that "[the plaintiff] is only entitled to recover benefits for the days he would have worked at [defendant company] but for his military obligations, and his damages must not be based on mere speculation, guess or conjecture."  *Id.* (internal quotations and citations omitted).  The court held that to determine a *single* plaintiff's damages, the jury must consider plaintiff's weekly work schedules, itemized pay sheets, and information detailing the military work.  *Id.*  Like the plaintiff in *Brill*, the same individualized analysis will be required to determine *each* class members' damages.  *See* ECF 123 at §§ I, V; ECF 170 at § II; ECF 177; ECF 179.  Such individual analysis to resolve these issues precludes a finding of predominance.  *See Rutstein v. Avis Rent-A-Car Sys.*, 211 F.3d 1228, 1235 (11th Cir. 2000) (finding individual issues predominate when they require "highly case-specific factual issues").

Moreover, despite Plaintiffs' contention to the contrary, *see* ECF 183 at 21–23, Delta's lack of data to establish class-wide proof impacts more than one element of Plaintiffs' claim.  Here, there is no "objective" way to identify who is in the class as Plaintiffs cannot identify common proof to show when each period of military leave begins and ends.  *See* ECF 170 at 8.  As shown by Best's discovery, he

receives written orders, verbal orders, and/or training memoranda from the military to report for duty. *Id.* at 13–14. However, even using these orders and Delta's data, there is no way to confirm that Delta's data reflects the actual dates of military service to discern which STMLs are compensable pursuant to Plaintiffs' class definition. *Id.* at 15.

Delta has previously explained that Plaintiffs also cannot meet Rule 23(b)(3)'s requirements because they have failed to present a damages model sufficient to show that damages can be calculated on a class-wide basis in a manner consistent with Plaintiffs' theory of liability. *See* ECF 123 at 19–27. Plaintiffs do not raise new arguments with respect to this issue, and Delta relies on its arguments as previously stated. Similarly, the comparability of leaves, which is a critical element for Plaintiffs' claim, cannot be determined on a class-wide basis. *Id.* at 27–29. Again, Delta relies on its previously stated arguments.

In short, Best fails to satisfy the requirements of Rule 23(b)(3), and, thus, the Court must deny Plaintiffs' Renewed Motion.

## III.   Plaintiffs Have Failed to Satisfy the Requirements of Rule 23(b)(2).

Delta incorporates by reference and relies on its prior arguments regarding Plaintiffs' proposed Injunction Class. *See* ECF 123 at §§ I, VI; ECF 177; ECF 179.

In their new Prayer for Relief, Plaintiffs ask the Court to:

> [o]rder Delta to pay pilots who take [STML] on the same basis as pilots who take leave for the forms of comparable short-term, non-military

leave found to be comparable consistent with the Court's declaration and to the extent there is a difference among the comparable non-military leaves, pay based on the one that would be most favorable to servicemembers.

ECF 182 at 25. This request is plainly a request for an injunction requiring Delta to pay an indeterminate amount of damages to class members going forward. As Delta has previously observed, under *Wal-Mart v. Dukes*, 564 U.S. 338 (2011), Plaintiffs can only seek a Rule 23(b)(3) class in this case, and that putative class must fail for the reasons stated above. In *Dukes*, the Court found it "clear that individualized money claims belong in Rule 23(b)(3)" and reversed certification under Rule 23(b)(2). 564 U.S. at 362. Even if damages could be calculated class-wide (they cannot), it is undisputed that each putative class member would have individualized money damages claims (based on their seniority, the number and variance of STMLs, and other factors) and, conversely, may be subject to one or more affirmative defenses by Delta. *See* ECF 123 at § V.C.; ECF 170 at § II. Claims that ultimately aim to compensate the class individually must be brought under Rule 23(b)(3) given the heightened procedural protections it affords (*e.g.*, predominance) and which Rule 23(b)(2) does not require.[3]

---

[3] The declaratory relief Plaintiffs also seek for the first time in the Motion fares no better. *See Cox v. Cmty. Loans of Am., Inc*., 2014 WL 1216511, at *12–13 (M.D. Ga. March 24, 2014) (applying *Dukes* and holding request for declaratory judgment from which money damages would flow should be analyzed under Rule 23(b)(3)); *Jacobs v. Quicken Loans, Inc.*, 2017 WL 4838567, at *2 (S.D. Fla. Oct. 19, 2017) (applying *Dukes* and holding claim for injunctive or declaratory relief does not

While Plaintiffs encourage this Court to endorse their "hybrid certification," district courts in the Eleventh Circuit have denied such certification where the plaintiffs' (b)(2) relief was predominantly about monetary damages. *See Bartholomew v. Lowe's Home Centers, LLC*, No. 2:19-cv-695, 2021 WL 3602719, at *5 n.11 (M.D. Fla. Aug. 13, 2021) (denying hybrid class injunction which required defendants to pay plaintiffs allowances because such relief under (b)(2) is "**unavailable** where the appropriate relief relates exclusively or predominantly to monetary damages") (emphasis added); *Shamblin v. Obama for Am.*, No. 8:13-cv-2428, 2015 WL 1909765, at *9 (M.D. Fla. Apr. 27, 2015) (denying certification of (b)(2) class because monetary relief predominated over declaratory and injunctive relief).

In *Bartholomew*, the plaintiffs sought "hybrid" certification under "(b)(2) and/or (b)(3)" based on the defendant's failure to pay allowances because it changed the allowance policy. 2021 WL 3602719, at *1, *4. The court denied certification under Rule 23(b)(2) because it was "clear that the [p]laintiffs primarily seek monetary damages," which were not "incidental" to the claims for injunctive and declaratory relief, but rather "at the heart of [the p]laintiffs' prayer for

---

satisfy Rule 23(b)(2) when predominate relief sought is monetary or statutory damages); *Connelly v. Hilton Grand Vacations, Co*., LLC, 294 F.R.D. 574, 578 (S.D. Cal. Oct. 29, 2013) (applying *Dukes* and holding that, where plaintiffs each seek statutory damages, their claims are ineligible for Rule 23(b)(2) certification regardless of their parallel claim for injunctive relief).

injunctive and declaratory relief[, a]nd Rule 23(b)(2) 'does not authorize class certification when each class member would be entitled to an individualized award of monetary damages.'" *Id.* at *5 (quoting *Dukes*, 564 U.S. at 360–61). Likewise, here, Plaintiffs are seeking backpay from Delta based on a companywide policy and also seeking injunctive and declaratory relief that would require Delta to pay some undetermined amount to class members going forward. As such, Plaintiffs' (b)(2) class must fail because the money damages are "at the heart" of Plaintiffs' putative injunctive and declaratory relief. *See id.*

Plaintiffs' (b)(2) class should fail for this reason alone. Moreover, by not sufficiently defining the injunction they seek, Plaintiffs have not shown that a single injunction would benefit the whole class. Plaintiffs argue that "the Injunction Class would be entitled to a declaration that Delta's practice violates USERRA § 4316(b) and a corresponding injunction requiring Delta to comply." ECF 183 at 16. This is a quintessential "follow-the-law" injunction. Plaintiffs' reliance on *Davis v. Mar-Jac Poultry, LLC*, No. 6:18-cv-1433, 2024 WL 218510, at *13 (N.D. Ala. Jan. 19, 2024), is inapposite where the injunction requested in that case was not simply to "enjoin certain policies and practices," as Plaintiffs have characterized it. Rather, the injunction sought in *Davis* involved the "restructuring and restricting [of defendant's] hiring practices [to] allow all class members to seek employment 'on equal footing' with Hispanic applicants," including "a prohibition

-12-

on hiring supervisors intentionally disregarding applicants sent by non-Hispanic applicants and a prohibition on [defendant] hiring independent contractors to solely seek Hispanic workers." *Id.*

Plaintiffs' citation to out-of-circuit *In re Vitamin C Antitrust Litig.*, 279 F.R.D. 90, 117 (E.D.N.Y. 2012) is similarly inapposite where courts in the Eleventh Circuit reject unspecific, "follow the law" injunctions. *See Lakeland Reg'l Med. Ctr., Inc. v. Astellas US, LLC*, 763 F.3d 1280, 1291 (11th Cir. 2014) (affirming denial of class certification because injunction, defined as "relief as appropriate in order to compel and ensure defendant['s] . . . future compliance with law," was not sufficient in detail and "never identified what injunction or declaratory relief it was seeking"); *Harvard v. Dixon*, No. 4:19-cv-212, 2022 WL 21694010, at *2 (N.D. Fla. July 25, 2022) (denying class certification because injunction must have "sufficient detail," and plaintiffs' injunction, which "[sought] to change the unconstitutional conditions," is an unenforceable "obey the law" injunction).

In *Lakeland Reg'l Med. Ctr., Inc.*, the Eleventh Circuit denied certification where the plaintiffs requested "such declaratory and injunctive relief as appropriate in order to compel and ensure defendant['s] future compliance with the law," because such request was "insufficient to permit the district court to assess adequately whether the injunctive and declaratory relief the [plaintiff] was seeking could provide relief to each member of the class." 763 F.3d at 1291. Here, Plaintiffs

similarly seek an injunction "that Delta's practice violates USERRA § 4316(b) and a corresponding injunction requiring Delta to comply." ECF 183 at 16. Plaintiffs' follow-the-law injunction should be denied, as in *Lakeland Reg'l Med. Ctr., Inc.*, because there is no way to assess whether the injunctive relief would provide relief to Plaintiffs' proposed class.

## CONCLUSION

Because Plaintiffs have failed to establish *all* of the requirements of Rule 23, Plaintiffs' Renewed Motion should be denied.

Respectfully submitted this 26th day of January, 2026.

**NELSON MULLINS**
**RILEY & SCARBOROUGH LLP**

*/s/ James A. Washburn*
James A. Washburn
Georgia Bar No. 738845
201 17th Street, N.W.
Suite 1700
Atlanta, Georgia 30363
T: (404) 322-6131
F: (404) 322-6050
james.washburn@nelsonmullins.com

**TROUTMAN PEPPER**
**LOCKE LLP**

*/s/ Lindsey B. Mann*
Lindsey B. Mann
Georgia Bar No. 431819
Bianca N. DiBella
Georgia Bar No. 820341
600 Peachtree Street, N.E.
Suite 3000
Atlanta, Georgia 30308
T: (404) 885-3000
F: (404) 885-3900
lindsey.mann@troutman.com
bianca.dibella@troutman.com

***Attorneys for Defendant Delta Air Lines, Inc.***

-15-

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D) of the Local Rules for the United States District Court for the Northern District of Georgia, I hereby certify that the foregoing has been prepared in Times New Roman, 14-point font, as permitted by Local Rule 5.1.

This 26th day of January, 2026.

/s/ Lindsey B. Mann
Lindsey B. Mann
Georgia Bar No. 431819

-15-

## **CERTIFICATE OF SERVICE**

This is to certify that I have this 26th day of January, 2026, electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically serve notification of such filing to all counsel of record.

/s/ Lindsey B. Mann
Lindsey B. Mann
Georgia Bar No. 431819

-16-